HUMPHREY MOOAR *vs.* FREDERIC HARVEY.

Essex.    November 8, 1878.    ENDICOTT & LORD, JJ., absent.

If a judge, after he has concluded his charge to the jury, gives further instructions, they are a subject of exception.

At the trial of an action upon a promissory note, the defence to which was the statute of limitations, the only question was whether the defendant had, within the meaning of that statute, been absent from and residing out of the Commonwealth · and the intention of the defendant was a fact in controversy. The judge instructed the jury that, if the defendant resided out of the Commonwealth, his intention was immaterial; and that, if they were in doubt as to his residence, they might consider his intention as matter of evidence. *Held*, that the instructions were contradictory and insufficient.

CONTRACT upon four promissory notes, signed by the defendant, payable to the plaintiff, or order, on demand, and dated respectively October 19, 1861, December 14, 1861, February 19, 1862, and August 15, 1862. Writ dated July 23, 1877. Answer, the statute of limitations.

At the trial in the Superior Court, before *Rockwell*, J., the issue was whether the defendant had, within the meaning of the Gen. Sts. *c.* 155, § 9, been absent from and residing out of the state. It appeared that he had a wife, but no children ; and it was agreed that, previously to September, 1862, he had a residence in Lawrence. In September, 1862, he gave up business in Lawrence, and enlisted in the Massachusetts volunteers. In September, 1863, he was discharged, and at once reënlisted in the regular army for five years, and served his full term. He was stationed at Washington after February, 1864, being detailed as a bookkeeper in the office of the surgeon general, and in each year had a short furlough, which he spent in Lawrence, with his mother, where there was a room, fitted up with some furniture of his, which he occupied when there. He also spent part of the time at his father-in-law's, in Boston. His wife spent most of her time, when in this Commonwealth, at her father's house, where her furniture had been returned, but spent the winter months in Washington with her husband, since September, 1864 ; and the defendant testified that she spent the summer months in this Commonwealth because she was an invalid. At the expiration of his term of service, on September 12, 1868, he

returned to his mother's in Lawrence, and remained there most of the time until February, 1869, when he returned to Washington as a government clerk, which position he has since held. His vacations were then longer, about thirty days, but were spent as before.

He testified that he claimed Lawrence as his home, and intended to return there if he lost his situation; that he owned or hired no house in Lawrence, and had no boarding place there, his mother having died in June, 1877; and that he voted and paid a tax there in 1864, and in Boston in 1870. The city treasurer of Lawrence testified that the defendant was not assessed in Lawrence in 1864, and the defendant did not contend that he had been taxed there any other year since 1862; and there was other evidence upon the part of the plaintiff and defendant upon the question at issue. The defendant contended that his presence in Washington was temporary, without an intention to make it his permanent home.

At the conclusion of the charge to the jury, the defendant presented to the judge a written request for certain instructions to the jury upon the effect of the defendant's intent upon the question of domicil. But the judge declined to receive it then as a request for instructions; and thereupon instructed the jury, that the question was, whether the defendant was absent from and residing away from the state; that if he resided out of the Commonwealth, his intention was immaterial; that if the jury were in doubt as to his residence, they might consider his intention as matter of evidence; and that residence for this purpose had the same meaning as domicil. This was all that was said to the jury directly upon the question of the defendant's intent.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*C. U. Bell*, for the defendant, was stopped by the court.

*W. S. Knox*, for the plaintiff.

GRAY, C. J. Although a judge is not bound to receive a request for instructions after he has concluded his charge to the jury, yet, if he does give further instructions, they are a subject of exceptions. The defendant's intention was a fact in controversy at the trial, and was in law a material element in determining whether he resided out of the Commonwealth, within

the meaning of the statute of limitations.   Gen. Sts. c. 155, § 9.
*Langdon* v. *Doud*, 6 Allen, 423, and 10 Allen, 433.   *Hallet* v.
*Bassett*, 100 Mass. 167.   *Perkins* v. *Davis*, 109 Mass. 239.   The
instructions given, informing the jury, in one breath, that if the
defendant resided out of the Commonwealth his intention was
immaterial, and, in the next, that if the jury were in doubt as
to his residence they might consider his intention as matter of
evidence, were contradictory and insufficient, and tended to con-
fuse, if not to mislead the jury; and having been specifically
excepted to, the                    *Exceptions must be sustained.*