## SAMUEL R. PHILLIPS, appellant.

Suffolk. Jan. 12. — Feb. 23, 1882. LORD, FIELD & C. ALLEN, JJ., absent.

If a person gets a note discounted at a bank, and on the maturity of the note, having on deposit a sum insufficient to pay the note gets another note discounted at the same bank and deposits the proceeds to his account, and then draws his check on the bank for the amount of the first note payable to the bank as holder, this is a payment of that note, within the Gen. Sts. c. 118, § 87, which, if the other conditions mentioned in the statute exist, will forfeit his right to a discharge in insolvency.

It is within the discretion of the presiding judge, after a case has been committed to the jury, to refuse to give them further instructions; and to the exercise of this discretion no exception lies.

APPEAL from a decree of the Court of Insolvency, refusing the discharge of the appellant. Hearing in the Superior Court, before *Colburn*, J., who reported the case for the determination of this court, in substance as follows:

It appeared in evidence that Nathaniel Phillips, the father of the appellant, made for the accommodation of the appellant a promissory note for $1175, dated August 1, 1878, and payable to the order of the appellant four months after date. The appellant had this note discounted at the Central National Bank.

A day or two before December 4, 1878, Nathaniel Phillips made another accommodation note payable to the order of the appellant for $300, and gave it to him. This note the appellant got discounted at said bank, December 3 or 4, 1878, and the proceeds, $776.52, were carried to his deposit account, he having already on deposit in said bank $719.41, making his whole deposit $1495.93. The appellant then, on said December 4, drew his check on said bank for $1175, and by the check on that day paid to the bank the note of August 1, 1878. On March 17, 1879, the appellant filed his petition in insolvency. The jury found, that at the time of this transaction the appellant "had reasonable and sufficient cause to believe himself insolvent."

The appellant contended that the transaction above stated did not amount to a payment within the meaning of the insolvent law; but the judge ruled otherwise, and refused the discharge of the appellant.

At the hearing, the appellant had the opening and close; and after the judge had charged the jury upon the issues submitted to them, and the jury had started to leave their seats, the counsel for the appellant requested him to instruct the jury that the burden of proof was upon the objecting creditor on all the issues to the jury. This the judge refused to do.

*S. H. Tyng*, for the appellant.

*J. W. O'Brien*, for the creditors.

MORTON, C. J. We are of opinion that the Superior Court rightly held that the transaction of the appellant with the Central National Bank of December 4, 1878, detailed in the report, amounted to a payment by him within the Gen. Sts. *c.* 118, § 87, which forfeited his right to a discharge, the jury having found that, at the time he made it, he had reasonable and sufficient cause to believe himself insolvent.

The appellant contends that, on December 4, 1878, when he took up the note of $1175, the bank had the right to set off against the note the deposits then in its hands to his credit to the amount of the note; and therefore that the giving of his check and the taking up of the note by him were of no consequence. If we assume that the note of $1175 was an accommodation note, signed by the father of the appellant, under such circumstances that no demand and notice were necessary, in order to fix the liability of the accommodation indorser, and therefore that the bank had the right to set off, or to apply in payment of it, such sum as the appellant had in the bank to his credit, it does not remove the difficulty of the appellant's case. The facts are, that the bank had in its hands to the credit of the appellant, before this transaction took place, only $719.41; and that he deposited in the bank, as a part of the transaction, $776.52, thus making the amount to his credit more than enough to pay this note. If the bank had the right to apply to the note by way of payment or set-off this sum of $719.41, the payment to it of the balance of the note was clearly a fraudulent payment under the insolvent law. It is no answer to say that the means of paying this balance was obtained by the discount of another note signed by the father for the accommodation of the appellant. The transaction was not the mere substitution of one accommodation note for another. The necessary effect of it

was to leave the appellant's estate and his other creditors in a worse condition than they would have been in if the debtor had made no payment, but had allowed the rights of the parties to the note to be settled by the law. It was in form and in intention a payment of the first note, and was rightly so held by the Superior Court.

The request of the appellant for an instruction as to the burden of proof was made after the case was fully committed to the jury, and was made too late. It was within the discretion of the judge to recall the jury and instruct them upon the subject, or to refuse to do so. *Mooar* v. *Harvey*, 125 Mass. 574.

*Judgment affirmed.*