## COMMONWEALTH vs. ANN MORRISON.

Plymouth.  January 26, 1883.  FIELD & W. ALLEN, JJ., absent.

A motion for a new trial, based upon reasons relating entirely to rulings or omissions to rule during the progress of the trial and before verdict, to which the aggrieved party had full opportunity to except but omitted to do so, is addressed to the discretion of the presiding judge, to the exercise of which no exception lies; and the Pub. Sts. c. 153, § 8, do not apply.

COMPLAINT alleging that the defendant, on June 5, 1881, and on divers other days and times between that day and October 24, 1881, at Rockland, unlawfully exposed and kept for sale intoxicating liquors.  Trial in the Superior Court, before *Gardner*, J., who allowed a bill of exceptions, in substance as follows:

The government introduced evidence of sales of intoxicating liquors by the defendant on several occasions during the time covered by the complaint.

The government also called as witnesses two police officers, who testified that they were present at the trial of this complaint in the District Court; that, after her conviction, the court asked the defendant what she had to say as to her sentence on the conviction; and that the defendant answered, " that she had a large family, and had sold liquors to support them, and begged the mercy of the court, because she could not get along without selling liquors."

The defendant offered evidence tending to impeach the evidence of the government as to sales; and also denied that she made the statement in the District Court as testified to.

The judge gave general instructions, which were not objected to; and, in answer to a question by the jury, whether the confession of the defendant, regardless of other testimony, was sufficient to convict, instructed the jury that it was for them to determine what the above statement of the defendant related to, and what was the effect, provided they found that she made it; and that if they should find, upon all the evidence, that it related to the testimony which had been introduced, at the trial before the District Court, against her, and was an admission or confession by her, that, during the time charged in the

complaint, she had sold liquors, substantially as testified to at the trial in the District Court, then they would be justified in convicting her; to which no exception was taken.

The jury returned a verdict of guilty; and, after verdict, the defendant moved for a new trial, assigning, among other reasons, the following: " 3. Because the jury were instructed that the admission of the defendant, if proved, was sufficient evidence to convict her, if it related to the evidence before the District Court on the trial of this complaint. 4. The admission referred to was incompetent. 5. There was no evidence of a voluntary confession."

This motion was overruled; and the defendant alleged exceptions.

*J. L. Eldridge*, for the defendant.

*G. Marston*, Attorney General, for the Commonwealth.

COLBURN, J. The only exception upon which the defendant relies, as the case is presented to us upon her brief, is to the overruling of the third, fourth and fifth grounds, or reasons, stated in her motion for a new trial. No authority is cited except the Pub. Sts. *c.* 153, § 8.

These reasons for a new trial relate entirely to rulings, or omissions to rule, during the progress of the trial and before verdict, to which the defendant had full opportunity to except, if she saw fit, but omitted to do so; and her motion for a new trial was addressed to the discretion of the court, and to the exercise of that discretion she has no ground of exception. *Lowell Gas Light Co.* v. *Bean,* 1 Allen, 274. *Kidney* v. *Richards,* 10 Allen, 419. *Phillips* v. *Soule,* 6 Allen, 150. *Whittaker* v. *West Boylston,* 97 Mass. 273. *McAllister* v. *Burrill,* 98 Mass. 334. *Behan* v. *Williams,* 123 Mass. 366.

There are cases of motions for new trials, based upon something which has occurred since the trial, or which was not known until after the trial, which raise questions of law, to the rulings upon which exceptions will lie, and it is to such cases that the statute upon which the defendant relies relates. *Lowell Gas Light Co.* v. *Bean, ubi supra. Woodward* v. *Leavitt,* 107 Mass. 453, 460. *Commonwealth* v. *Tobin,* 125 Mass. 203. *Munde* v. *Lambie,* 125 Mass. 367.          *Exceptions overruled.*