DAVID B. FLETCHER, appellant.

Suffolk.   Nov. 20, 1883. — Jan. 8, 1884.   C. ALLEN & HOLMES, JJ., absent.

If a person, being insolvent, and knowing himself to be so, pays, within one year
next preceding the filing of his petition in insolvency, a debt at its maturity, in
the usual course of business, this is a payment of a "preëxisting debt," within
the Gen. Sts. c. 118, § 87, which forfeits his right to a discharge in insol-
vency.

APPEAL from a decree of the Court of Insolvency, refusing
the discharge of the appellant.   Trial in the Superior Court,
before Colburn, J., who allowed a bill of exceptions, in sub-
stance as follows :

The debtor filed his petition in insolvency on January 6, 1880.
It was admitted that he was insolvent, and knew himself to be
so, during the year next preceding the filing of his petition.

It was in evidence, and not controverted, that John Carter and
Company sold and delivered goods to the debtor upon an agree-
ment that they should be paid for at a certain future time, and
that they were paid for at the specified time; that, on December
1, 1878, the debtor gave Crane Brothers his note, payable in
two months, in settlement of an account for goods bought of
them during the previous month, which note the debtor paid at
maturity.   These payments were all made within the year next
preceding the filing of the debtor's petition.

The appellant requested the judge to instruct the jury as fol-
lows: " If you find that the accounts or debts alleged to have
been paid John Carter and Company were paid in the usual
course of business, or were current transactions between the
insolvent and said Carter and Company, then such payments
are not payments of preëxisting debts, as contemplated by the
statute.   2. If you find that the accounts or debts alleged to
have been paid said Carter and Company were not overdue at
the time of said payments, but were paid under and in accord-
ance with an agreement or understanding made between the
debtor and the creditors at the time of the purchase of the goods,
then such payments are not payments of preëxisting debts, as
contemplated by the statute.   3. If you find that the debts or
accounts alleged to have been paid Crane Brothers were paid

in the usual course of business, or in accordance with any agreement or understanding made between the debtor and the creditors at the time the bills were contracted, then such payments are not payments of preëxisting debts, as contemplated by the statute. 4. A debt to be preëxisting must be overdue, and in order to constitute a payment of a preëxisting debt, as contemplated by the insolvent laws, it must appear that the debt was paid out of the usual course of business, or after it became due." The judge refused to give these instructions.

The second and seventh issues to the jury were as follows: "2. Did said Fletcher, within one year next before the filing of the petition by him, directly or indirectly, in whole or in part, pay any borrowed money or any preëxisting debt to John Carter and Company, said Fletcher being insolvent at the time of said payment or payments, and having reasonable and sufficient cause to believe himself insolvent? 7. Did said Fletcher, within one year next before the filing of the petition by him, directly or indirectly, in whole or in part, pay any borrowed money or preexisting debt to Crane Brothers, said Fletcher being insolvent at the time of such payment or payments, and having reasonable and sufficient·cause to believe himself insolvent?"

The jury answered these issues in the affirmative, and the discharge was refused; and the appellant alleged exceptions.

*S. L. Powers*, for the appellant.

*D. C. Linscott*, (*L. C. Southard* with him,) for the creditors.

MORTON, C. J. The insolvent law provides that a discharge shall not be granted or valid if the debtor, being insolvent, and having reasonable and sufficient cause to believe himself so, has, within one year next before the filing of a petition by or against him, paid or secured, either directly or indirectly, in whole or in part, any borrowed money, or preëxisting debt. Gen. Sts. c. 118, § 87. Pub. Sts. c. 157, § 93.

The appellant contends that the words "preëxisting debt" mean only a debt which is overdue; and that, if an insolvent pays debts as they mature, in the usual course of business, there is no preference which would avoid a discharge. This construction is against the plain meaning of the statute, and would open a wide door to fraud upon the insolvent law. It would enable any debtor, who knew himself to be hopelessly insolvent, to

prefer favored creditors by paying them in full as their debts mature, to the exclusion of his other creditors, and would thus violate the clear policy of the insolvent law, which intends that, when a man discovers that he is insolvent, he shall put his property in the hands of the law, to be equally divided among his creditors, except so far as the law allows preferences.

The words "preëxisting debt," in their natural meaning, include all debts previously contracted, whether they have become payable or not.

In the recent case of *Phillips, appellant,* 132 Mass. 233, a discharge was refused an insolvent debtor because he, being insolvent and having reasonable and sufficient cause to believe himself so, paid a note at a bank at its maturity, in the usual course of business. The question here raised was not discussed in that case, but it was necessarily involved in the judgment then rendered.                          *Exceptions overruled.*