## ELIJAH CAPRON vs. BYRON H. ANNESS.

Bristol. Oct. 23, 1883. — Jan. 30, 1884. FIELD & W. ALLEN, JJ., absent.

A declaration alleged "that S. gave the plaintiff an order upon the defendant for the amount of money which was then due from the defendant to S., to wit, the sum of fifty dollars; which order the defendant accepted and agreed to pay, a copy whereof is hereunto annexed, and the defendant owes the plaintiff the amount for which said order was given, to wit, the sum of fifty dollars." Annexed was a copy of an order, signed by S., addressed to and accepted by the defendant, requesting him to pay the plaintiff "what money may be due me, and charge the same to my account." *Held*, that evidence was admissible to show what amount was due from the defendant to S. at the time the order was accepted.

A motion for a new trial, upon the grounds that the verdict was rendered upon evidence not admissible under the declaration, and was against law and the weight of the evidence, even if it was admissible, is addressed to the discretion of the presiding judge, whose decision thereon is not open to revision in this court.

CONTRACT. The declaration was as follows: " And the plaintiff says that Howard F. Solomon gave the plaintiff an order upon the defendant for the amount of money which was then due from the defendant to the said Solomon, to wit, the sum of fifty dollars; which order the defendant accepted and agreed to pay, a copy whereof is hereunto annexed, and the defendant owes the plaintiff the amount for which said order was given, to wit, the sum of fifty dollars." The copy annexed was as follows: " Dec. 9th, 1881. To Byron H. Anness. Pay Elijah Capron what money may be due me, and charge the same to my account. H. F. Solomon. Accepted, B. H. Anness."

Trial in the Superior Court, before *Mason*, J., who allowed a bill of exceptions, in substance as follows:

After proving the execution and acceptance of the order, the plaintiff offered evidence to show what amount was due from the defendant to the drawer at the time of the acceptance. The defendant objected that, under the declaration, such evidence was inadmissible. The evidence was admitted, and it tended to show that the drawer of the order owed the defendant between $30 and $35, the exact amount being in dispute, and the defendant being unable to state the exact amount; and that the drawer sold to the defendant a certain milk route for which the defendant was to pay him at the rate of one dollar per quart. The facts

of sale and of the number of quarts sold were disputed, and evidence of fraud on the part of the drawer in the sale was introduced by the defendant.

There was evidence that the defendant told the plaintiff, at the time he accepted the order, that he owed the drawer of the order from $80 to $85 for a milk route, and that there was about $32 to be deducted from this amount; that he was frequently called upon to pay the difference between these two amounts; and that at no time until this action was brought did he deny owing this difference. On all points as to the debt or the amount thereof the evidence was conflicting.

The jury returned a verdict for the plaintiff in the sum of $50; and the defendant alleged exceptions.

The defendant also moved that the verdict be set aside, and a new trial granted, for the following reasons: " 1. The verdict was against the evidence, the law, and the weight of the evidence. 2. Under the declaration, the verdict being upon an order declared on, it was rendered upon evidence not admissible thereunder, and was against law and against the weight of the evidence, even if it was admissible." This motion was overruled; and the defendant excepted.

*J. Brown*, for the defendant.

*G. E. Williams*, for the plaintiff.

HOLMES, J. If there is any exception to what took place at the trial properly before us, it must be overruled. Supposing that the allegation that fifty dollars was due Solomon would have been bad on demurrer, for want of an averment of consideration, an objection to the informality could not be taken in the form of an objection to evidence in support of it. *Tapley* v. *Goodsell*, 122 Mass. 176, 181. *Chace* v. *Sherman*, 119 Mass. 387, 391. Furthermore, the evidence would have been admissible, in any event, for another purpose, to prove the amount for which the order purported to be given, as matter which necessarily rested in parol.

The motion for a new trial discloses nothing which is open to revision here. See *Haverhill Loan & Fund Association* v. *Cronin*, 4 Allen, 141; *Commonwealth* v. *Morrison*, 134 Mass. 189.

*Exceptions overruled.*