COMMONWEALTH *vs.* DANIEL GREEN and another.

Bristol.   Oct. 28. — Dec. 6, 1884.   C. ALLEN & COLBURN, JJ., absent.

In an action on a recognizance to prosecute an appeal, an allegation that the defendant did not appear, but made default, sufficiently alleges a breach.

In an action on a recognizance to prosecute an appeal, the declaration alleged the entering into of the recognizance; that the recognizance was "now on file and of record" in the appellate court; and that the defendant, while the matter was before that court, did not appear, but made default. *Held,* that an objection that the declaration did not show that the recognizance was on file in the appellate court at the time of the default, could be taken advantage of only on demurrer.

A declaration on a recognizance to prosecute an appeal which alleges that the recognizance is "now on file and of record" in the appellate court, sufficiently alleges that it was duly returned and entered there.

A recognizance given to the Commonwealth, to prosecute an appeal, by a person held under a complaint in a criminal case, showed that it was taken upon an appeal from the judgment of a district court, and that this was the cause of its taking; the court before which he was bound to appear and answer; and the authority of the court taking it. *Held,* that this was sufficient.

CONTRACT against Daniel Green and Clark Green. The declaration was as follows: " And the plaintiff says that the said Daniel Green, on the nineteenth day of July, A. D. 1881, being then legally in custody upon a warrant duly issued, after complaint in due course of law, by Thomas J. Cobb, Esq., a justice of the peace within and for the county of Bristol and who is also clerk of the Third District Court of Bristol in said county, was lawfully required to enter into recognizance to the Commonwealth, with sureties, in the sum of eight hundred dollars, for his personal appearance before said court to answer to

said complaint, which charged the said Daniel Green with the offence of keeping a liquor nuisance. And thereupon, before the Third District Court of Bristol, on the nineteenth day of July, A. D. 1881, the said Daniel Green as principal, and Clark Green as surety, entered into such recognizance before said Third District Court of Bristol, duly authorized by law to take such recognizance, which recognizance is now on file and of record in said Superior Court, a copy of which is to be produced in this case. And afterwards, on the sixteenth day of September, A. D. 1881, and while said complaint was still pending in said Superior Court, and while the said Daniel Green was lawfully required to appear and answer to the same, the said Daniel Green, being solemnly called to come into court and answer thereto, did not appear, but made default, which default was then duly entered of record in said Superior Court. And the defendants owe the plaintiff the sum of eight hundred dollars by reason of the premises."

The declaration was afterwards amended, by leave of court, by substituting, after the word "appearance," instead of the words " before said court," the words "before the Superior Court next to be holden at Taunton, within and for the county of Bristol, on the first Monday of September then next following;" and by striking out the word "sureties" and substituting therefor the word "surety."

Answer, a general denial.

Trial in the Superior Court, without a jury, before *Gardner,* J., who allowed a bill of exceptions, in substance as follows:

The plaintiff offered the recognizance in evidence and rested its case. The recognizance, which was dated July 19, 1881, contained the following recitals:

" Whereas the said Daniel Green has this day been duly brought before the said district court, by virtue of a warrant duly issued upon the complaint of one Isaac B. Tompkins, of New Bedford, in the county of Bristol, wherein said complainant upon oath says that said defendant, at said New Bedford, in said county, on the first day of May, A. D. 1881, and on divers other days and times between that day and the day of the date of receiving this complaint, did keep and maintain a certain tenement which was then and there used for the illegal sale and

illegal keeping of intoxicating liquors; whereby, and by force of the statute in such case made and provided, the said tenement then and there kept and maintained by the said Daniel Green, and then and there used as aforesaid, was then and there a common nuisance; to the great injury and common nuisance of all the peaceable citizens of said Commonwealth there residing, inhabiting, and passing. Against the peace and dignity of said Commonwealth, and contrary to the form of the statute in such case made and provided.

" And said defendant, having appealed from the judgment of said court, rendered upon said complaint, was thereby duly ordered by the said district court to recognize as aforesaid for his appearance before the justices of the Superior Court, at a term of said Superior Court next to be holden at Taunton, within and for the county of Bristol, on the first Monday of September next, then and there to answer to the said complaint and accusation, and abide the order of said Superior Court thereon."

The condition of the recognizance was, that the defendant should appear " at the term of said Superior Court to be holden as aforesaid," and to abide the final order of the court.

The defendants asked the judge to rule that the action could not be maintained, for the following reasons: " 1. Because no copy of said recognizance was set forth in the writ, and no condition declared on agreeably to the provisions of the practice act. 2. Because the declaration did not declare the recognizance to be of record of the court at the default, or that it had ever been returned and entered in the Superior Court, or that the Superior Court had jurisdiction of the case, to wit, of the criminal cause, at the time of the default. 3. Because it does not appear from the recognizance itself that it was given by any competent court; it does not appear to be sufficient, nor does it show any cause for the taking thereof, or any jurisdiction in the person or court assuming to take it; and it is so defective and insufficient that no cause of action has accrued thereon, or can be maintained thereupon."

The judge refused so to rule, and found and ordered judgment for the plaintiff for the full amount of the recognizance; and the defendants alleged exceptions.

*E. L. Barney,* for the defendants. 1. The recognizance, not having been set out nor declared on, nor any breach stated, ought not to have been admitted in evidence. Pub. Sts. *c.* 167, § 2, *cl.* 10. 2. A recognizance must be alleged to be of record, and duly returned and filed in court, at the date of the alleged default or breach; and it must be alleged that the court had jurisdiction of the case at the time of the default or breach, and that the court taking the recognizance had jurisdiction and authority to take it with its conditions. *Tarbell* v. *Gray,* 4 Gray, 444. *Patterson* v. *Goldsmith,* 9 Gray, 258. *Pierce* v. *Gray,* 11 Gray, 377. 3. The recognizance itself must show that the court had jurisdiction to take it, and the cause of taking. See cases cited above. 4. The recognizance is defective in that it does not show any plea or hearing, or any trial, conviction, or judgment in the District Court. All that the recognizance shows is, "that Daniel Green was brought before the District Court," that, "having appealed from the judgment of said court," he was ordered to recognize, &c. It does not even appear to what court he appealed, or from what judgment.

*E. J. Sherman,* Attorney General, for the Commonwealth.

DEVENS, J. The recognizance declared on was carefully and accurately drawn. In view of the fact that the plaintiff's declaration was amended by leave of court, it is somewhat peculiar that it was not so amended as to follow the well-established forms in such cases, and to obviate such objections as are here made. Whatever might have been the result had these objections been made by demurrer, they cannot prevail when made only at the trial.

1. The legal effect of the recognizance was stated, and a copy was referred to, to be produced. It was averred to be a recognizance for the personal appearance of Green before the Superior Court, &c., to answer to the complaint charging him with the offence of keeping a liquor nuisance, and a breach was alleged in failing so to appear and answer. His default was a breach of the condition, and this fixed the liability of his sureties. Pub. Sts. *c.* 167, § 2, *cl.* 9, 10. *Commonwealth* v. *Slocum,* 14 Gray, 395. *Commonwealth* v. *Dowdican's Bail,* 115 Mass. 133, 137. If the defendant intended to rely on the fact that the declaration does not show that the recognizance was actually on file at the

time of the default, this should have been taken by demurrer. As the defendant was called and the default recorded, and this appears by the declaration, it can be shown by the record that this was correctly done after the recognizance was on file. *Capron* v. *Anness*, 136 Mass. 271.

2. While it is usual to state that the recognizance was duly returned and entered, as well as that it is on file in the Superior Court and of record there, yet, the latter allegation being made, it is to be implied that it was duly returned and entered. Had it not been so, it would not have been made of record there, which is the important thing to allege and prove. *Tarbell* v. *Gray*, 4 Gray, 444. *Patterson* v. *Goldsmith*, 9 Gray, 258. *Pierce* v. *Gray*, 11 Gray, 377.

3. The jurisdiction of the Third District Court of Bristol to take the recognizance was distinctly alleged in the declaration, and we must take judicial notice of the fact that the Superior Court has jurisdiction of the offence with which Green was charged, and to meet which charge he recognized to appear and answer.

4. The recognizance itself showed that it was taken upon an appeal from the judgment of the District Court, and that this was the cause of its taking; the court before which he was bound to appear and answer; and the authority of the court taking it. This was sufficient. The earlier cases seem to have required a strictness which has not prevailed since the Rev. Sts. c. 135, § 30, reënacted in the Gen. Sts. c. 170, § 49, and in the Pub. Sts. c. 212, § 63, which provide that no judgment shall be barred or defeated, or judgment thereon arrested, by reason of any omission to note or record the default at the time it may happen, nor by reason of any defect in the form of the recognizance, if it sufficiently appears at what court the party or witness was bound to appear, and that the court or magistrate before whom it was taken was authorized by law to take such recognizance. *Commonwealth* v. *Nye*, 7 Gray, 316.

*Exceptions overruled.*