WILLIAM T. GARRITY, administrator, *vs.* MARY HIGGINS.

Suffolk.   December 6, 1900. — January 3, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

No exception lies to the refusal of a presiding judge to give a ruling requested after the jury have retired.

Questions of law open at a trial and not then raised cannot be raised on a motion for a new trial.

An order of a presiding judge, overruling a motion for a new trial applied for on the ground that the verdict is against the law and the evidence and the weight of evidence, is not subject to revision by this court.

CONTRACT, for money had and received, with a count in tort for a conversion.   Writ dated September 11, 1899.

The trial in the Superior Court, before *Richardson*, J., occupied about two days.   The defendant was put on the witness stand by the plaintiff.   Full instructions were given by the judge, and no exceptions were taken before the jury retired.

After the jury had retired, the defendant orally requested the judge to give a certain instruction to the jury. This the judge refused to do, calling the attention of the defendant's counsel to the fact that the request was not made before the arguments or before the jury retired. The defendant excepted.

The jury returned a verdict for the plaintiff in the sum of $374.67.

The defendants filed a motion for a new trial on the grounds that the verdict was against the law, the evidence, and the weight of evidence, and this motion was fully argued upon the law and the facts by the defendant's counsel before the presiding judge. At this hearing the defendant requested the judge to rule: 1. That, as the defendant was called as a witness by the plaintiff, the plaintiff was controlled by her uncontradicted testimony, which the defendant contended entitled her to a verdict. 2. That the verdict should be set aside because it was against the law and the evidence and the weight of evidence. 3. That on all the evidence a general verdict of $374.67 could not stand as a matter of law.

The judge denied the motion for a new trial, and refused to make the rulings requested. The defendant alleged exceptions.

*E. H. Savary*, for the defendant.

*M. J. Sughrue & F. H. Chase*, for the plaintiff, submitted the case on a brief.

LATHROP, J. It appears by the bill of exceptions that full instructions were given to the jury, and that no exceptions were taken except as is hereinafter stated ; and that at the close of the charge and after the jury had retired, the defendant's counsel asked for a certain ruling, which the court refused to give, calling the attention of the counsel to the fact that the request was not made before the arguments, and before the jury had retired. It is plain that the defendant has no ground of exception to the refusal to give the ruling requested. *Mooar* v. *Harvey*, 125 Mass. 574, per Gray, C. J. *Phillips's case*, 132 Mass. 233. The question presented by the request is not open for our consideration. The exception in *Jackson* v. *Knowlton*, 173 Mass. 94, was saved before the jury retired, and the question had been called to the attention of the judge by counsel during the argument.

The questions of law raised on the motion for a new trial

could all have been raised at the trial of the case, and furnish no ground of exception. *Whittaker* v. *West Boylston*, 97 Mass. 273. *Lowell Gas Light Co.* v. *Bean*, 1 Allen, 274. *Commonwealth* v. *Morrison*, 134 Mass. 189. *Capron* v. *Anness*, 136 Mass. 271. *Holdsworth* v. *Tucker*, 147 Mass. 572. *Parker* v. *Griffith*, 172 Mass. 87.

In *Fox* v. *Chelsea*, 171 Mass. 297, the motion for a new trial was on the ground that the verdicts for the plaintiffs were against law and evidence, and the weight of evidence. This appears from the bill of exceptions, though not from the report of the case. This motion was overruled by the court below, and it was said in this court: " The order overruling the motion for a new trial was within the discretion of the court, and was not a subject for an exception."

*Exceptions overruled.*