STATE OF. MAINE *vs.* WINFIELD EDMINSTER et als.

Waldo.    Opinion August 6, 1909.

*Bail.   Recognizance.   Scire Facias.   Variance.   Revised Laws (Mass.)*
*chapter 217, section 73.   Revised Statutes, chapter 134, section 27.*

Revised Statutes, chapter 134, section 27, provides as follows:

" Sec. 27.  No action on any recognizance shall be defeated, nor judgment thereon arrested, for an omission to record a default of the principal or surety at the proper term, nor for any defect in the form of the recognizance, if it can be sufficiently understood, from its tenor, at what court the party or witness was to appear, and from the description of the offense charged, that the magistrate was authorized to require and take the same." The purpose of this statute is to modify the strictness of the common law and to prevent the thwarting or delaying of justice by mere technicalities and in carrying out its spirit a liberal construction has been adopted by the court of Maine.

Where in an action of scire facias on a recognizance, the condition of the recognizance as alleged in the writ was to " appear before the Supreme Judicial Court next to be holden at Belfast, etc.,  .  .  .  to answer to a complaint found against " the principal " and now pending in said court, for keeping and depositing intoxicating liquors at Belfast," etc., while the condition of the recognizance was " to appear and prosecute his said appeal," *Held:* That to appear in the higher court and answer to a complaint there pending, necessarily implied that it was pending there on appeal; that the nature of the offense as set forth in the writ showed that the higher court could have no original jurisdiction of the matter and that if pending there it must be on appeal; that the allegation in the writ and the recital in the recognizance were in effect only different methods of stating the same effect.

Where in an action of scire facias on a recognizance, the writ alleged a recognizance, taken before " Reuel W. Rogers, Judge of the Police Court of the City of Belfast," while the recognizance purported to have been given " at a Police Court holden at the Police Court Room in said City," *Held:* That the variance claimed as to the description of the court taking the recognizance was without merit. The words are exact equivalents. One court and one alone was designated.

Where in an action of scire facias on a recognizance, the writ, alleged that the principal "although solemnly called upon said complaint," did not appear, etc., and that the sureties "although solemnly called upon said

indictment to bring in the body" of the principal did not appear, etc., while the record was of a default of the defendants on a recognizance to prosecute an appeal from a sentence of the Police Court of the City of Belfast, *Held :* That the word "indictment" instead of "complaint" in the writ was a mere clerical error, self evident and harmless. After alleging that the three defendants gave the recognizance on "a complaint" and that the principal had made default "on said complaint" the averment that the sureties in the same recognizance had defaulted "on said indictment" was such an apparent clerical error and referred so unmistakably to the complaint already set forth that no one could be misled thereby.

On exceptions by defendants. Overruled.

Scire facias against the defendant Edminster as principal and Ben D. Field and William A. Clark as sureties, upon a recognizance taken before the Judge of the Police Court for the City of Belfast, and in which said court said Edminster had been duly arraigned on a search and seizure warrant issued against him under the provisions of Revised Statutes, chapter 29, section 49, and upon being found guilty and sentenced had appealed.

The action was duly entered in the Supreme Judicial Court, Waldo County, and the defendants filed the following plea :

"And the said defendants, by their attorneys James S. Harriman and Dunton & Morse, come and defend the wrong and injury, when, etc., and say that there is not any record of the said supposed recognizance and recovery, in the said scire facias mentioned, remaining in the said Supreme Judicial Court of said Waldo County, Maine, in manner and form as the said plaintiff the State of Maine, hath in the said scire facias, mentioned and alleged ; and this they are ready to verify ; wherefore they pray judgment if the plaintiff ought to have and maintain its aforesaid action thereof against them, etc."

To this plea, the State replied as follows :

"And the State of Maine, by H. C. Buzzell, County Attorney for the County of Waldo, as to the plea of the defendants, says that the State of Maine, by reason of anything in that plea alleged, ought not be barred from having its aforesaid action, because, it says, that there is such record of the said recognizance and recovery remaining in the said Supreme Judicial Court in said County of Waldo as it has in its said writ of scire facias alleged and this the

State of Maine is ready to verify by the said record, etc., and it prays that the same may be seen and inspected by the Court here and the judgment of the Court rendered thereon."

When the action came on for hearing "upon the writ, pleadings and proofs," the presiding Justice admitted the recognizance in evidence and upon the introduction of the record of default of the defendants on the recognizance, gave judgment for the State, and thereupon the defendants excepted.

The case is stated in the opinion.

*H. C. Buzzell,* County Attorney, for the State.

*E. F. Littlefield, James S. Harriman,* and *Dunton & Morse,* for defendants.

SITTING : WHITEHOUSE, PEABODY, SPEAR, CORNISH, KING, JJ.

CORNISH, J. Scire facias upon a recognizance taken before the Judge of the Police Court for the City of Belfast. The defendants pleaded nul tiel record, and the case comes to this court on exceptions to the ruling of the presiding Justice, admitting the recognizance in evidence and giving judgment for the State upon the introduction of the record of default of the defendants on said recognizance.

The defendants contend that in three respects there was a fatal variance between the allegations in the writ and the recitals in the recognizance and record.

1. That the condition of the recognizance alleged in the writ is "to appear before the Supreme Judicial Court next to be holden at Belfast, etc. . . . to answer to a complaint found against said Winfield S. Edminster and now pending in said court, for keeping and depositing intoxicating liquors at Belfast etc." while the condition of the recognizance is "to appear and prosecute his said appeal."

2. That the writ alleges a recognizance taken before "Reuel W. Rogers, Judge of the Police Court of the City of Belfast" while the recognizance purports to have been given "at a Police Court holden at the Police Court Room in said City."

3.   That the writ alleges that said Edminster "although solemnly called upon said complaint," did not appear, etc., and that the sureties "although solemnly called upon said indictment to bring in the body of said Winfield S. Edminster" did not appear, etc., while the record was of a default of the defendants on a recognizance to prosecute an appeal from a sentence of the Police Court of the City of Belfast.

These three objections must be considered in the light of R. S., ch. 134, sec. 27, which provides as follows :   "No action on any recognizance shall be defeated nor judgment thereon arrested for an omission to record a default at the proper term, nor for any defect in the form of the recognizance, if it can be sufficiently understood from its tenor, at what court the party or witness was to appear, and from the description of the offence charged, that the magistrate was authorized to require and take the same."

The purpose of this statute, originally passed in 1841, is to modify the strictness of the common law and to prevent the thwarting or delaying of justice by mere technicalities, and in carrying out its spirit a liberal construction has been adopted by this court.   *State* v. *Hatch*, 59 Maine, 410 ; *State* v. *Cobb*, 71 Maine, 198 ; *State* v. *Howley*, 73 Maine, 552 ; *State* v. *Gilmore*, 81 Maine, 405.   A similar statute in Massachusetts, Rev. Laws, ch. 217, sec. 73, has received a similar construction from the highest court of that State. *Commonwealth* v. *Nye*, 7 Gray, 316 ; *Same* v. *Green*, 138 Mass. 200 ; *Same* v. *Teevens*, 143 Mass. 210.

The recognizance in the case at bar fulfills all the requirements of the statute.   The court at which the defendants were to appear was the April term, 1908, of the Supreme Judicial Court for Waldo County ; and the offense charged was one within the jurisdiction of the Police Court of Belfast and in which the Judge of that Court was authorized to require and take bail.   The Court therefore from which the appeal was taken, the judgment appealed from, and the court at which the conusors were to appear, were all set forth in the recognizance.

The alleged variances contended for by the defendants are immaterial and inconsequential. We will consider them in the order raised.

1.   To appear in the higher court and answer to a complaint there pending, necessarily implies that it is pending there on appeal. The nature of the offense as set forth in the writ shows that the higher court could have no original jurisdiction of the matter and that if pending there must be on appeal. The allegation in the writ and the recital in the recognizance are in effect only different methods of stating the same fact.

2.   The variance claimed as to the description of the court taking the recognizance is without merit. The words are exact equivalents. One court and one alone was designated. *State* v. *Regan*, 63 Maine, 127.

3.   The word "indictment" instead of "complaint" in the writ is a mere clerical error, self evident and harmless. Its occurrence is easily explained. The original writ, which is before this court for inspection, was a printed form containing the word "indictment" in three places. In two places that word was erased and "complaint" was inserted in its stead, in order to make the writ conform to the facts. In the third place this alteration was overlooked by the person preparing the writ for service. But after alleging that these three defendants, stating their names, gave the recognizance in question on a complaint and that the principal had made default on "said complaint," the averment that the sureties in the same recognizance had defaulted on "said indictment" is such an apparent clerical error and refers so unmistakably to the complaint already set forth that no one could be misled thereby. It was a single recognizance taken in a single complaint.

All the objections raised by the learned counsel for defendants are more ingenious than sound.

*Exceptions overruled.*