## COMMONWEALTH *vs.* ANTONIO TEREGNO & another.

Hampden.    October 20, 1919. — November 14, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Homicide. Evidence,* Remoteness, Competency, Admissions and confessions, Presumptions and burden of proof. *Witness,* Cross-examination, Child. *Practice, Criminal,* Argument by district attorney, Exceptions, New trial.

At the trial of an indictment for murder charging that the murder was committed by shooting and stabbing, where it appeared that the murder was committed in the night time, evidence is admissible showing the appearance on the morning following the murder of the decedent's body and of the premises where the homicide was committed, as well as the fact that at that time an axe had been found at the place of the homicide on which "there was a hair and . . . white substance."

At the trial of two persons jointly charged with murder, the confession of one of them, which was not improperly obtained, may be admitted in evidence where at the time of the admission the jury are told that the statements therein were evidence only against the defendant so confessing.

An exception, taken at the trial of an indictment for murder, to the admission in evidence of testimony of a seven year old girl will not be sustained where it appears that, before the testimony was admitted, the judge questioned her and, from testimony by her warranting the finding, found her qualified to testify.

At the trial of an indictment against a man and a woman for the murder of the husband of the woman, where there had been admitted evidence tending to show illicit relations between the man defendant and the woman defendant, and the man had testified on his direct examination that he had had such relations but at the urgent solicitation of the woman, and on cross-examination of the man there were put in evidence entries in what was a "sort of diary" kept by him from which it appeared that he had had such illicit relations with the woman, it is not an improper exercise of the judge's discretion to permit him to be asked on further cross-examination, "Aren't you man enough to take the blame for your relations with . . . [the woman] yourself ?"

Where at the trial of an indictment for murder committed by the use of a revolver or of a knife or of a revolver and a knife, there was plenary evidence that the murder was so committed, and there also was some evidence upon which a finding that the murder was committed with an axe would have been warranted, and the jury were instructed that they must acquit the defendant unless they were satisfied beyond a reasonable doubt that the decedent was killed by the use of a revolver and a knife or of a revolver alone, an exception to a refusal to order a verdict of acquittal must be overruled.

Where one of two defendants jointly indicted for murder objected, but did not except, to certain language used by counsel for his co-defendant in his closing argument and his objection was overruled, no question of law is presented to this court because no exception was saved.

The granting or denial of a motion for a new trial of a defendant, who has been convicted of murder in the first degree, based on contentions that the verdict was against the evidence and the weight of the evidence and the law as given to the jury by the judge and upon the existence of alleged irregularities during the trial which engendered prejudice and prevented substantial justice, is wholly discretionary with the trial judge.

INDICTMENT, found and returned on March 18, 1918, against Antonio Teregno and Maria Cammerota for the murder at Westfield on January 30, 1918, of Raffaele Cammerota. The indictment was in three counts. In the first count it was charged that the murder was accomplished "by shooting . . . with a revolver loaded with leaden bullets;" in the second count, by stabbing with a knife, and in the third count by shooting and stabbing.

The indictment was tried in the Superior Court before *N. P. Brown*, J. Under the circumstances described in the opinion, separate confessions of the defendants were admitted in evidence. Teregno admitted in his alleged confession that for some time and clandestinely he had been having illicit relations with the other defendant, wife of the deceased, in their home, and had planned to kill him; that he had shot the deceased with a revolver, but that the stabbing had been done by the other defendant, the decedent's wife.

When the confession of the defendant Maria Cammerota was admitted in evidence and read to the jury, the jury were "expressly told that the statements therein contained were only evidence against Maria."

A preliminary examination of a witness for the Commonwealth, Civitella Cammerota, disclosed that she was seven years old, was a daughter of the decedent and of the defendant Cammerota and lived with them and knew the defendant Teregno. When asked by the judge when she was seven years old, she stated that she did not know. She testified that she went to school near her home but that she did not know what grade she was in; that she went to Sunday school near her home, that she did not know the name of the church, that the name of her teacher was Miss Zanetti, that she knew, when she held up her right hand, that it was an oath, and that "little girls who don't tell the truth . . . die and they go to hell," and that, if she did not tell the truth in testifying that day, she would "go to hell."

In the direct examination of the defendant Teregno, he stated that he had had improper relations with the other defendant at her home, but that such relations were at her urgent solicitations. He also testified that his confession was improperly secured from him. He admitted in his direct testimony that he had shot the decedent, but stated that it was done when he was attacked with an axe, and contended at the trial that the death was caused by a blow of an axe and not by the shooting.

Other material evidence, instructions and rulings by the judge and exceptions of the defendant are described in the opinion.

The jury found the defendant Cammerota guilty of manslaughter and the defendant Teregno guilty of murder in the first degree. The defendant Teregno alleged exceptions.

*F. M. Zottoli,* (*S. Martinelli* with him,) for the defendants.

*J. B. Ely,* District Attorney, for the Commonwealth.

BRALEY, J. The indictment having charged in three counts and the jury having found, that Raffaele Cammerota was feloniously killed by the defendant Teregno, who has been convicted of murder in the first degree, and the defendant Maria Cammerota, wife of the decedent who has been convicted of manslaughter, the case is before this court on exceptions taken by Teregno, which will be considered in the order of presentation.

While the indictment does not charge that an axe was used as the lethal weapon, yet evidence that an axe had been found at the place of the homicide on which "there was a hair and . . . white substance," was admissible, as well as the evidence showing the appearance of the decedent's body on the following day, and the condition of the premises as observed by the witnesses. It was not too remote in time, and the environment as portrayed would enable the jury to understand and properly to apply the subsequent evidence descriptive of the means used, and the manner whereby the homicide was accomplished. *Commonwealth* v. *Powers,* 123 Mass. 244. *Commonwealth* v. *Holmes,* 157 Mass. 233. *Laplante* v. *Warren Cotton Mills,* 165 Mass. 487.

The defendants were tried jointly and the confession of each, not having been improperly obtained, was admissible under the instructions of the judge, that the jury were to consider the admissions as affecting only the party making them. *Commonwealth* v. *Storti,* 177 Mass. 339. *Commonwealth* v. *Killion,* 194

Mass. 153. *Commonwealth* v. *Richmond*, 207 Mass. 240. *Commonwealth* v. *Borasky*, 214 Mass. 313.

Nor can we hold that the evidence of Civitella Cammerota, daughter of the decedent and of Maria, was improperly admitted. It is true she was only seven years of age, yet, the presiding judge after a preliminary examination having found that she was a competent witness, no error of law is shown. *Commonwealth* v. *Marshall*, 211 Mass. 86, 90, and cases there collected.

The questions asked by the district attorney in cross-examination of Teregno who voluntarily became a witness in his own behalf, to the admission of which he excepted, assumed that illicit relations had existed between him and Mrs. Cammerota. But the entries in the defendant's "sort of diary," as well as other evidence already before the jury, left, if believed, no doubt of the fact, and the questions which in substance were, "Aren't you man enough to take the blame for your relations with Maria yourself," were permissible within the discretion of the trial judge. It is sufficient that the legal rights of the defendant do not appear to have been invaded. *Commonwealth* v. *Johnson*, 188 Mass. 382. *Jennings* v. *Rooney*, 183 Mass. 577, 579.

The defendant's request that a verdict of not guilty should be ordered was denied rightly. If there was some evidence that a blow from a blunt instrument possibly might have caused death, there was plenary proof of the allegations of the indictment. The jury moreover were expressly instructed, that if they were not satisfied beyond a reasonable doubt that the decedent was killed by the use of a revolver and a knife, or of a revolver alone, the defendant should be acquitted.

The remaining error at the trial urged is, that counsel for Mrs. Cammerota in his closing argument to the jury having referred to the defendant as a "slacker," meaning "a man who refuses to fight when our homes are at stake has no right to get the benefit of our country," the court after the defendant's counsel has objected "to his argument on that point," merely said, "He may proceed." But without intimating whether the jury should have been instructed to disregard the argument, it is sufficient to say that no exception having been taken, the question is not presented by the record.

The defendant's exceptions to the denial of his motion for a

new trial because the verdict was against the evidence and the weight of the evidence and the law as given to the jury by the court, and the existence of irregularities during the trial which engendered prejudice and prevented substantial justice, must fail. The granting or denial of the motion was wholly discretionary. *Garrity* v. *Higgins*, 177 Mass. 414. *Capron* v. *Anness*, 136 Mass. 271. *Lopes* v. *Connolly*, 210 Mass. 487. *Commonwealth* v. *Russ*, 232 Mass. 58, 82. We have fully examined and considered all the questions raised by the record, and finding no error of law the exceptions must be overruled.

*So ordered.*