WILLIAM W. McLEHOSE, executor, *vs.* MALCOLM REID & others.

Bristol.    October 25, 1920. — November 24, 1920.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Probate Court,* New trial of issues. *New Trial. Witness,* To a will. *Will,*
Attestation.

Where, before proceeding with the trial of issues for a jury framed on an appeal
from a decree of the Probate Court allowing a will, the counsel for the executor
explained to the trial judge and the appellant's counsel that one of the attesting
witnesses was sick but would be able to attend on the next day, and the appellant
went forward with the trial, which continued for three days, without insisting
that all of the attesting witnesses be called and without making any request
for a ruling on the question of the absence of one of those witnesses or saving
any exception to his absence, and the issues were determined against him, the
appellant is not entitled as a matter of law to have a new trial granted because
of the absence of such witness.

APPEAL from a decree of the Probate Court for the county of
Bristol granting a petition, filed on July 15, 1919, for the proof of
the will of William Reid, late of Taunton, and allowing the will.

Issues were framed in the Supreme Judicial Court and sent to
the Superior Court, where they were tried before *Raymond,* J.
The course of the trial, the motion of the appellants for a new
trial, and a ruling requested by them upon the hearing of that
motion are described in the opinion.

The ruling was refused, the motion was denied, and the ap-
pellants alleged exceptions.

*N. Lemaire,* for the appellants.

*S. P. Hall,* (*W. S. Woods & E. R. McCormick* with them,) for the
executor.

CARROLL, J.    The will of William Reid was allowed in the Pro-
bate Court.    Issues were framed and in the Superior Court the
jury found that the testator was of sound and disposing mind and
memory when the will was executed and that no fraud or undue
influence was practised upon him.    Before the trial began the
judge was notified that one of the attesting witnesses was sick.
On the motion for a new trial the appellants asked the judge to rule

that as matter of law it was necessary, according to our practice, for the executor to call all the attesting witnesses, they being accessible. The case is here on refusal to give this request.

Before proceeding with the trial of the issues, the counsel for the executor explained to the trial judge and the appellants' counsel that one of the witnesses to the will was sick, but would be able to attend on the following day. The trial then proceeded for three days. Even if we assume that all the attesting witnesses should have been called, if accessible, and that the absent witness was in fact able to appear in court and testify, *Chase* v. *Lincoln,* 3 Mass. 236, *Howes* v. *Colburn,* 165 Mass. 385, *O'Connell* v. *Dow,* 182 Mass. 541, 545, the appellants went to trial without insisting that all these witnesses should be called. They made no request for a ruling on this question and no exceptions were taken by them. At the hearing on the motion for a new trial they, for the first time, made the request that it was necessary for the executor to call all the attesting witnesses who were accessible. This point is not now open to them. It could have been raised at the trial and the rule is well settled that a question which could have been raised at the trial is not the subject of exception when presented at the hearing on a motion for a new trial. *Garrity* v. *Higgins,* 177 Mass. 414. *Lopes* v. *Connolly,* 210 Mass. 487, 496.

*Exceptions overruled.*