AUGUSTIN THOMPSON *vs.* MARQUIS F. DICKINSON, JR.,
& others.

Middlesex.    March 15, 16, 1893. — May 20, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Petition to prove Exceptions — Disallowance of Exceptions — Evidence — Attorney and Client — Order of Court taking off Default — Defence.*

A justice of the Superior Court is not authorized to disallow exceptions taken at the trial of an action before him because the excepting party did not appear at the time and place appointed by the justice for a hearing upon the allowance of the exceptions.

If the report of a commissioner, to whom a petition to prove exceptions has been referred, finds that the exceptions conformed to the truth, unless any of several specified omissions were material and should have been included therein, and none of the omissions, upon examination, seems to this court to be essential to the proper understanding of the exceptions, they will be considered as proved.

At the trial of an action against an attorney at law for negligence in conducting the defence in an action against the present plaintiff, an exception to the exclusion of evidence that, before that action was brought, his financial standing and reputation were good, and that after judgment was rendered against him in that action they were impaired, becomes immaterial, if he failed to prove a cause for the present action.

Evidence that an attorney at law withdrew from an action in which he had been retained, after notice to his client, and that the latter consented to the withdrawal, or that the attorney understood that he consented to it, does not sustain a contention that the attorney withdrew wrongfully.

The St. of 1885, c. 384, § 10, authorizing this court and the Superior Court, "in their discretion, and upon such terms, if any, as they may think fit," to strike off a default at any time before judgment, empowers the court to prescribe the kind of defence which a defendant may be permitted to make as a term or condition of striking off the default.

After the defendant in an action had been defaulted, he retained an attorney, who moved that the default be taken off. Upon this motion the court passed the following order: "Default taken off, and defendant to have leave to file an answer alleging any facts upon which he expects to rely to sustain a defence to the action on the ground of the truth of the charges contained in the letters mentioned in the declaration, or the defence that the said letters were privileged communications, and not to have liberty to deny the sending of said letters, and not to have leave to file a demurrer, and that the cause retain its place on the trial list for the October session for trial upon the merits." The attorney subsequently filed an answer which was within the terms of the order. The defendant, against whom judgment was rendered, afterwards brought an action against the attorney for negligence in conducting the defence in the former action. *Held,* that the attorney was precluded in the former action, by the order passed by the court, from setting up that the action was an action for libel, and was barred by the statute of limitations, Pub. Sts. c. 197, § 3.

PETITION to establish the truth of exceptions, alleged by the petitioner, in an action brought by him against the respondents, Marquis F. Dickinson, Jr., George F. Richardson, Hollis R. Bailey, and John L. Hunt, as attorneys at law, for negligence in conducting his defence in a certain action brought against him by one Mira Beals in the Superior Court. The exceptions were disallowed by *Braley,* J., who presided at the trial in the Superior Court. The facts appear in the opinion.

*E. W. Cate,* for the petitioner.

*S. J. Elder,* for Dickinson, Richardson, and Bailey.

FIELD, C. J.   The plaintiff in this suit duly filed his exceptions. The presiding justice appointed " June 18, 1892, 8 o'clock A. M., at the Court House, East Cambridge," as the time and place for hearing the parties concerning the allowance of the exceptions, and an indorsement on the exceptions states that, " said Thompson not appearing to prosecute and settle said exceptions, and the defendants did appear, the said exceptions are disallowed." The commissioner to whom the plaintiff's petition to prove his exceptions was referred has found that the presiding justice " did not pass upon the truth of said exceptions, or any of them," and that he erred " in disallowing the exceptions solely on the ground of the non-appearance of the petitioner," etc. A party may undoubtedly abandon his exceptions after he has filed them, but such abandonment ought not to be inferred merely from his failure to appear at only one hearing appointed for settling them. The procedure is regulated by Pub. Sts. c. 153, § 8. The statute provides that the adverse party " shall have an opportunity to be heard concerning the allowance of such exceptions," but there is no similar provision concerning the party who excepts. In practice, both parties usually attend, that each may be heard upon any amendment or modification of the exceptions that may be suggested by the other or by the court. But the excepting party has a right to stand upon his exceptions as he has framed them. It then becomes the duty of the presiding justice to examine them, and, if they are " found conformable to the truth," to allow them, whether the excepting party appears or not. The commissioner has found that the " exceptions tendered did conform to the truth, unless some one or more of the thirty-one omissions specified above were material, and should

have been included therein." We have examined these omissions, which are shown by the commissioner's report, and none of them seems to us to be essential to the proper understanding of the exceptions. We therefore consider the exceptions as proved. See *Morse* v. *Woodworth*, 155 Mass. 233.

The first exception is to the exclusion of evidence that, before the action of *Beals* v. *Thompson*, 149 Mass. 405, was brought, the financial standing and reputation of the plaintiff in the present suit were good, and that after judgment was rendered in that action his financial standing and reputation were impaired. This exception plainly relates to damages, and it becomes immaterial if the plaintiff failed to prove a cause of action. The plaintiff's remaining contentions are, first, that the action of *Beals* v. *Thompson* was an action for libel, and that the cause of action was within Pub. Sts. c. 197, § 3, and that, if this statute of limitations had been pleaded, it would have been a defence, and that the present defendants, as his attorneys in that action, were negligent in not pleading this statute, or in asking leave of the court to plead it ; and secondly, that the defendants wrongfully withdrew their appearances, and refused to continue to act as his attorneys in that action. It was admitted that since the judgment in the action of *Beals* v. *Thompson* the plaintiff in the present action has been adjudged an insolvent debtor, and that assignees of his estate have been duly chosen, and that he has not obtained leave of his assignees to prosecute this action, nor have the assignees intervened in it. On these admitted facts, the defendants contended that the plaintiff had no right to bring and prosecute this action, and the plaintiff contended that the cause of action did not pass to the assignees, and that this defence was not open to the defendants under their answers. The presiding justice ruled that under the order of the court made in the suit of *Beals* v. *Thompson*, taking off the default, the defendant therein was limited in his defences to those stated in the order ; "and that said order by its terms excluded the right of the defendant to plead the statute of limitations ; and that the plaintiff had shown no negligence on the part of the defendants in connection with said case of *Beals* v. *Thompson* ; and that, as matter of law, upon the undisputed evidence in this case, the plaintiff had not made out his case, and was not entitled to go to the jury." Of

the four defendants, Hunt did not withdraw his appearance in the action of *Beals* v. *Thompson*, but continued to act as the attorney of the defendant therein until final judgment.

The exceptions recite that the plaintiff "offered in evidence a duly authenticated copy of the record in the case of Mira Beals against him." This record shows that in October, 1888, Mr. Richardson, and on October 9, 1888, Mr. Dickinson and Mr. Bailey, withdrew their appearances as attorneys for the defendant. The plaintiff also introduced in evidence the answers of these defendants to the interrogatories filed by him. Mr. Richardson answered: "I notified Thompson about October 1, 1888, that I could not act further in his case, and could not try it; and subsequently withdrew my appearance about October 9. I did not act after October 1. Said Thompson assented to my withdrawal. I obtained no leave from the court." Mr. Dickinson and Mr. Bailey answered that they withdrew from the case on October 9, 1888; that they notified Mr. Thompson that they had withdrawn; and that they understood him to consent to their withdrawal. In *Powers* v. *Manning*, 154 Mass. 370, it was held that an attorney at law, for reasonable cause, and upon reasonable notice, may withdraw from a suit. So far as appears, the only evidence which the plaintiff offered that these defendants wrongfully withdrew from the defence of the suit was that they did in fact withdraw after notice to him, and that he consented to it, or that they understood that he consented to it. The plaintiff did not testify in the case, and there was no contradiction to the evidence of the defendants put in by the plaintiff, that the plaintiff consented to their withdrawal, or that they understood that he consented. This evidence is not sufficient to sustain the burden, which is on the plaintiff, of proving that they withdrew wrongfully or without justification. The withdrawal was no wrong to him if he consented to it.

Whether the defendants should have pleaded or attempted to plead the special statute of limitations relates to all the defendants. The writ in *Beals* v. *Thompson* was dated December 29, 1887, and was returnable on the first Monday of February, 1888, and was duly entered on the return day, and the defendant was defaulted for want of an appearance on February 17, 1888. The defendant Hunt appeared for the defendant in *Beals* v. *Thomp-*

*son* on March 26, 1888, after this default was entered, and filed a motion to have the default taken off. This motion was first allowed, and afterwards the order striking off the default was vacated, and the motion was dismissed. After this, to wit, on May 17, 1888, the other defendants appeared for the defendant in *Beals* v. *Thompson,* and on May 18 filed a motion to have the default taken off, and for leave to file a demurrer and an answer, and they filed affidavits giving their reasons for the application. It appears that Mr. Hunt was first retained as an attorney in March, 1888, and the remaining defendants about May 15 or 16, 1888. All the defendants in the present suit were first retained after the defendant in *Beals* v. *Thompson* had been defaulted. On September 20, 1888, a hearing was had on the motion filed on May 18, 1888, and on September 26, 1888, the following order was passed: " Default taken off, and the defendant to have leave to file an answer alleging any facts upon which he expects to rely to sustain a defence to the action on the ground of the truth of the charges contained in the letters mentioned in the declaration, or the defence that the said letters were privileged communications, but not to have liberty to deny the sending of said letters, and not to have leave to file a demurrer ; and that the cause retain its place on the trial list for the October session for trial upon the merits." Mr. Hunt, on the 10th of October, presented an answer to the court, and asked leave to file it, but leave was refused, because it appeared that it " is not within the terms of the order of this court heretofore passed"; and on October 15 an answer was filed by him which was within the terms of the order. It thus appears that none of the defendants except Hunt was an attorney in the case at the time the answer was actually filed. We think, however, that their contention is true that the order means that the defendant in that suit should have leave to file an answer which should be confined to allegations of fact tending to sustain a defence on the ground that the charges contained in the letters mentioned in the declaration were true, or that the letters were privileged communications, and that the order did not permit an answer of the special statute of limitations applicable to actions of libel. The record discloses that it was with some difficulty that leave was obtained to file an answer at all, and that the court was

vigilant to see that the answer to be filed did not transcend the terms of the order. The St. 1885, c. 384, § 10, authorizes the Supreme Judicial and Superior Courts, " in their discretion, and upon such terms, if any, as they may think fit," to strike out a default at any time before judgment. We have no doubt that this authorizes either court to prescribe the kind of defence which a defendant may be permitted to make as a term or condition of striking off a default. We are of opinion that the present defendants were precluded by the order of the court from setting up that the suit of *Beals* v. *Thompson* was an action of libel, and was not commenced within two years after the cause of action accrued, as required by Pub. Sts. c. 197, § 3.

It is unnecessary to consider the further contention of the defendants, that the suit of *Beals* v. *Thompson* was not an action of tort in the nature of an action for a libel, but was an action of tort in the nature of an action *per quod consortium amisit*, which could be brought at any time within six years after the cause of action had accrued. If the defendant in *Beals* v. *Thompson* had been permitted to file and argue a demurrer, perhaps this court at some time would have been called upon to pass upon the form of the action. This question was not directly involved in the exceptions taken in that case and argued in this court, although it was assumed that it was an action of libel, with an allegation of the loss of the society of the husband as special damages. *Beals* v. *Thompson,* 149 Mass. 405. If the defendants had considered the nature of the action, they might well have been in some doubt whether it was within Pub. Sts. c. 197, § 3, but at the time when they entered on the defence we think that this contention was not open to them.

We have not considered whether the plaintiff could prosecute the action without the assent of his assignees in insolvency, or whether the defendants could be sued jointly.

*Exceptions overruled.*