## WALLACE A. PARKER vs. AMENZO GRIFFITH.

Hampden.     September 27, 1898. — October 20, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, BARKER, & HAMMOND, JJ.

*Slander — Truth in Justification — Damages — Exceptions — Evidence of Professional Skill and Ability — Motion for New Trial — Matter within Discretion of Presiding Justice — Question for the Jury — Credibility of Witness.*

At the trial of an action for alleged slander in accusing the plaintiff, a physician, of ravishing the defendant's wife, the finding of the jury that the defendant's justification is established makes it unnecessary for them to consider the subject of damages, and hence renders immaterial exceptions to the exclusion of evidence offered by the plaintiff to show his general reputation as a man of skill in his profession, to prove that his practice as a physician was profitable, to prove specific acts and operations performed by him tending to show his professional ability, and to show by his own testimony the diminution of his business since the utterance of the alleged slander by the defendant.

Where upon a motion for a new trial the plaintiff asks the judge to rule that there was error in the instructions which permitted the jury to find for the defendant upon insufficient evidence, and excepts to his refusal so to rule, no exception having been taken to the instructions and the question not having been previously raised, the motion is addressed to the discretion of the court, and a refusal of the judge to grant such request on the hearing of the motion is not a matter of exception; the court adding that, whatever might be thought of the credibility of the principal witness for the defendant, there was enough in her testimony to warrant the judge in submitting to the jury the question decided by their verdict.

TORT, for alleged slander in accusing the plaintiff, a physician, of ravishing the defendant's wife after a surgical operation. The answer was a general denial, and a justification of truth. At the trial in the Superior Court, before *Bond*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*B. S. Parker*, for the plaintiff.

*T. A. Fitzgibbon*, (*S. S. Taft* with him,) for the defendant.

KNOWLTON, J. The only exceptions taken at the trial of this case relate to the exclusion of evidence. The plaintiff offered to show his general reputation as a man of skill in his profession, and to prove that his practice as a physician was profitable, and also to prove specific acts and operations performed by him tending to show his professional ability. He also offered to show by

his own testimony the diminution of his business since the utterance of the alleged slander by the defendant. The presiding justice excluded the testimony.

Upon the question of liability, the issue was whether the words uttered by the defendant were true. It seems clear that the testimony excluded would have had no tendency to show that the plaintiff was not guilty of the crime charged against him in the words set out in the declaration. The only issue upon which it could have had any bearing was the amount of the damages. Some of it was plainly incompetent upon any question in the case. Without deciding whether any part of it properly might have been admitted in connection with other evidence upon the question of damages, it is enough to say that the finding of the jury that the defendant's justification was established made it unnecessary for them to consider the subject of damages, and renders these exceptions immaterial. *Thompson* v. *Dickinson,* 159 Mass. 210, 212. *Lawler* v. *Earle,* 5 Allen, 22. *Cunningham* v. *Parks,* 97 Mass. 172.

Upon a motion for a new trial the plaintiff asked the judge to rule that there was error in the instructions which permitted the jury to find for the defendant upon insufficient evidence, and excepted to his refusal so to rule. No exception had been taken to the instructions, and the question had not previously been raised. A motion for a new trial is addressed to the discretion of the court, and a refusal of the judge to grant such a request on the hearing of such a motion is not a matter of exception. *Kidney* v. *Richards,* 10 Allen, 419. *Whittaker* v. *West Boylston,* 97 Mass. 273. *Commonwealth* v. *Morrison,* 134 Mass. 189.

This is a sufficient answer to the plaintiff's argument. But we may add that, whatever may be thought of the credibility of the principal witness for the defendant, there was enough in her testimony to warrant the judge in submitting to the jury the question decided by their verdict.

*Exceptions overruled.*