CLIFTON L. FIELD, administrator, *vs.* CHARLES L. BANKS.

Franklin.    September 18, 1900. — October 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Breach of Bond — Count for Money had and received — Motion to amend Pleadings so as to save Verdict.*

Damages for breach of a bond cannot be recovered under a count for money had and received; and a motion made in this court for leave to apply to the judge who tried the case for an amendment of the bill of exceptions for the purpose of making it clear that there was no surprise, that the case was fully tried, and that the plaintiff ought to be allowed to save his verdict, comes too late; all that could be hoped for sufficiently appearing on the bill of exceptions as it stands.

CONTRACT for money had and received by the defendant to the use of the plaintiff's intestate. At the trial in the Superior Court, before *Mason*, C. J., the plaintiff contended that, prior to the beginning of this action, the plaintiff's intestate had transferred to the defendant personal property and real estate, and that he had made the transfer in consideration of the defendant's promise to return the same upon request; that such request was made by the plaintiff's intestate, and that upon refusal by the defendant to perform his promise this action was brought.

The defendant contended that the transfer was made in consideration of the defendant's giving to the plaintiff's intestate a bond in the sum of $5,000, conditioned to support the plaintiff's intestate during life, and that that was the only promise made to the plaintiff's intestate about the transfer. The plaintiff contended that no bond had been given by the defendant to the plaintiff's intestate, and that no valid consideration had been given by the defendant for such transfer, and that if the jury should be satisfied that such a bond had been given, the defendant had committed a breach thereof, and that the plaintiff could recover damages in this action for such breach. The case was fully tried on all these issues. The jury was not required to report whether a bond was given or not, and no questions were submitted to them for answer, but their verdict indicated that, if they had followed the instructions of the court, they would have found that a bond had been given by the defendant to the plaintiff's intestate, and that there had been a breach thereof, and that the sum recovered by the plaintiff was for damages occasioned thereby. As to the plaintiff's right to recover if there had been a bond and a breach thereof, the defendant asked the court to rule " that if the defendant did not support the plaintiff's intestate during his life and comply with the conditions of said bond, the remedy is by an action for damages, and the plaintiff cannot maintain his action on his declaration."

The judge declined so to rule, and ruled that if there had been a bond, and a breach of it, the plaintiff could recover damages for such breach in this action, and further gave full and appropriate instructions, to which no exception was taken as to what would constitute a breach of the bond and as to the measure of damages for such breach if proved.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

The plaintiff's brief contained the following statements: Where the merits of a case have been fully tried, a prevailing party will be allowed to amend his pleadings so as to sustain his action or defence. *Cleaves* v. *Lord*, 3 Gray, 66. *Stone* v. *White*, 8 Gray, 589. *Nichols* v. *Prince*, 8 Allen, 404. *Peck* v. *Waters*, 104 Mass. 345. *Keller* v. *Webb*, 126 Mass. 393. *Whitney* v. *Houghton*, 127 Mass. 527. *Fenton* v. *Lord*, 128 Mass. 466. *Denham* v. *Bryant*, 139 Mass. 110. *Blanchard* v. *Cooke*, 147 Mass. 215, 223. Pub. Sts. c. 167, § 42.

In view of the above cases, it is respectfully submitted that, if this court shall be of opinion that the ruling of the court below was erroneous, it will order that, upon the filing by the plaintiff of an amendment to his declaration declaring for a breach of the bond, he is entitled to judgment upon the verdict, taking no costs since the trial.

*D. Malone*, for the defendant.

*F. L. Greene*, (*W. A. Davenport* with him,) for the plaintiff.

HOLMES, C. J. Of course damages for breach of a bond cannot be recovered under a count for money had and received. The most favorable view for the plaintiff is, that if the jury accepted the defendant's evidence, he was allowed to recover as upon a failure of the consideration upon which the money was paid. But if, as the defendant contended, the money sought to be recovered was paid in consideration of the defendant's giving the plaintiff a bond conditioned for the plaintiff's support, the contract was performed when the bond was delivered. Delivery of the specialty satisfied the preliminary agreement as fully as the delivery of a barrel of flour would have if that had been the object agreed upon. *Wiseman* v. *Lyman*, 7 Mass. 286, 290. Performance of the condition of the bond was left to be secured by the bond, and was no part of the consideration of the original bargain.

A motion is made for leave to apply to the judge who tried the case for an amendment of the bill of exceptions for the purpose of making it clear that there was no surprise, that the case was fully tried, and that the plaintiff ought to be allowed to save his verdict by amending his pleadings. We think that this

motion comes too late, and that all that could be hoped for sufficiently appears on the bill of exceptions as it stands. The point on the pleadings was taken, and the judge could not certify that the defendant did not rely upon his proposition of law to some extent, and go into evidence less fully than he would have done in a suit upon the bond.

*Exceptions sustained.*