THOMAS O. LOVELAND & another *vs.* CHARLES A. RAND.

Worcester.     September 28, 1908. — October 24, 1908.

Present : KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Practice, Civil,* New trial, Rehearing, Exceptions, Judge's charge.   *Words,* " Against the law."

On a motion to set aside a verdict, alleging as reasons that it is against the law and against the evidence and the weight of the evidence, the trial judge may grant the motion and set aside the verdict " on the ground of misdirection in law," that being within the alleged reason that the verdict is " against the law."

If after the granting of a motion to set aside a verdict and order a new trial, the party in whose favor the verdict was returned, files a motion for a rehearing, alleging only errors in the proceedings on the motion for a new trial, some of which might have been made the subject of exception in those proceedings under R. L. c. 173, § 106, it is within the discretion of the trial judge to entertain the motion or to decline to do so ; but, if he sees fit to entertain the motion and to allow exceptions to his refusals to give certain rulings requested at the hearing upon it, his action gives the parties the same right to ask for rulings and to take exceptions to rulings made by him that they had when the same questions arose upon the original motion for a new trial.

At the trial of an action where one of the defenses was that the defendant's signature to the instrument relied on by the plaintiff was procured by fraud, and another of the defenses was that the defendant did not sign the paper, the judge in the last sentence of his charge to the jury said, " If you find the defendant did sign this agreement, if you find that he did put his signature to a paper, and if you find that the paper is the paper that is alleged here, then the plaintiff has made out his case, and is entitled to damage," ignoring the other issue whether the defendant's signature was procured by fraud. In other parts of the charge instructions were given on the issue of fraud, but some of these were not very clear. On a motion for a new trial, the trial judge set aside a verdict for the plaintiff on the ground that there was a misdirection in law. *Held,* that, while there appeared to be little doubt that the judge had a correct view of the law in his own mind, there was reason to fear that the jury were misled by the statement quoted above and that the charge in its effect, as understood by the jury, was incorrect and misleading, that the trial judge, who had a much better opportunity than this court of forming a judgment on this question so decided, and there was no ground for finding error in his decision to grant a new trial.

KNOWLTON, C. J.   At the trial of this case the plaintiffs obtained a verdict, and the defendant filed a motion for a new trial, alleging, as reasons for his motion, that the verdict was against the law and against the evidence and the weight of the evidence. After a hearing and argument, the judge granted the motion

" on the ground of misdirection in law." No exceptions were taken to the rulings or refusals to rule at this hearing, or to the order granting the motion. After an interval of thirteen days the plaintiffs filed a " motion for re-hearing and reconsideration," on the ground of alleged errors of the judge in his construction of the motion and his action upon it. The judge entertained the motion and, after a hearing upon it, denied it. The plaintiffs requested certain rulings at this hearing which the judge refused, and they excepted.

One question that arises is whether the reasons stated in the motion for a new trial would warrant setting aside the verdict on the ground of misdirection in law. A new trial cannot be granted for a reason which is not stated in the motion. R. L. c. 173, § 112. *Peirson v. Boston Elevated Railway,* 191 Mass. 223, 229. One of the reasons stated in this motion is that the verdict was against the law. The substance of the reason for granting the motion is that the verdict was founded on an erroneous view of the law, stated by the judge to the jury in his charge. Was such a verdict against the law? The plaintiffs contend that the words " against the law," in the motion, mean only against the law as stated by the judge to the jury in his charge, and that they authorize the granting of a new trial, only for a departure by the jury from the rules of law laid down by the presiding judge. There are decisions in some courts which tend to support this contention, but all or nearly all of them were made under codes very different from our statutes, and they apply to motions for a new trial which are a part of the regular procedure for bringing before a higher tribunal questions of law that were raised and properly saved at the trial. They require a definite statement of the question of law intended to be raised.

Motions for a new trial under our system are of a different kind. By the St. 1804, c. 105, § 5, provision was made for taking exceptions at trials before the Supreme Judicial Court and for presenting the questions of law to the full court by a bill of exceptions. When the Court of Common Pleas was established by the St. 1821, c. 79, a similar provision was made in §§ 5, 6, for saving questions of law in that court and presenting them to a higher tribunal. The system thus established has been con-

tinued to the present time, and it is the regular method of obtaining a revision of the rulings of a court upon questions of law in trials before juries as well as in some other trials and hearings. R. L. c. 173, § 106. Except as affected by these and kindred statutes, motions for a new trial, as recognized at common law, are still permitted. R. L. c. 173, §§ 112, 113. In the St. 1821, c. 79, § 7, the Court of Common Pleas was authorized to grant a new trial " for any cause for which, by the common law, a new trial may now be granted "; and " when, upon due examination, it shall appear to said court that justice has not been done between the parties." The jurisdiction to grant new trials upon motion still exists in the Supreme Judicial Court and the Superior Court. But under our present system this is not the way to bring up for rehearing questions of law that were raised, or that might have been raised, at the trial before the verdict was rendered. Usually such motions are addressed solely to the discretion of the court. Under our decisions a question that was raised, or that might have been raised, before a verdict, cannot be raised upon a motion to set aside the verdict and grant a new trial. *Commonwealth* v. *Morrison,* 134 Mass. 189. *Murphy* v. *Commonwealth,* 187 Mass. 361. *Parker* v. *Griffith,* 172 Mass. 87. *Garrity* v. *Higgins,* 177 Mass. 414. *Fitch* v. *Jefferson,* 175 Mass. 56. *Holdsworth* v. *Tucker,* 147 Mass. 572. The statute provides that exceptions may be taken to rulings on questions of law at hearings upon motions for a new trial. R. L. c. 173, § 106. But as was said in *Commonwealth* v. *Morrison, ubi supra,* and in other cases, these are not to rulings that were given or refused, or that might have been asked for and given or refused, at the trial before the verdict. They are to rulings upon questions arising for the first time at the hearing on the motion for a new trial.

Until the enactment of the St. 1897, c. 472, now embodied in the R. L. c. 173, § 112, it was in the power of a judge, either with or without a motion for a new trial, to set aside a verdict which in his opinion was founded on an erroneous view of the law, or was against the evidence and the weight of the evidence. Indeed, speaking generally and following with some strictness of construction the language quoted above from the St. 1821, c. 79, § 7, it was in his power, in the exercise of his discretion,

to set aside the verdict when, if allowed to stand, it would work injustice such as the courts ought not to tolerate. *Ellis* v. *Ginsburg*, 163 Mass. 143. The St. 1897, c. 472, (R. L. c. 173, § 112,) was not intended to limit the jurisdiction of the court as to the causes for which new trials may be granted, but only to limit its action to cases in which a motion is made stating the reasons for making the motion. In reference to the statement of the reasons, ought this statute to be construed narrowly and strictly, or broadly and liberally ? In dealing with a matter not of strict legal right, but appealing only to the discretion of the court, a statement that the verdict is against the law would have been construed broadly in this Commonwealth before the enactment of the St. 1897, c. 472, and would have been sufficient to open for consideration by the court a contention that the verdict was founded upon an erroneous principle of law, whether from a disregard by the jury of the instructions of the court, or from erroneous instructions which naturally led to a wrong result, or from any other fundamental legal error which entered into the decision embodied in the verdict. In *Bowen* v. *State*, 108 Ind. 411, it was held that an averment that the finding or decision of the court is contrary to law, on a motion for a new trial, is a proper method of saving the point that a trial has been had without arraignment or plea. It would be a narrow construction of the language of such a motion under our system to hold that the words "against the law" include nothing but a disregard by the jury of the instruction of the judge. The construction to be given to the language in such a motion, appealing only to discretion, ought to be less strict than it would be if the language were used to present to an appellate tribunal for final decision a question of strict legal right. The party opposing the motion should understand that a statement of reasons would bring up, for the exercise of discretion, everything fairly included in its meaning under a broad and liberal interpretation. If in doubt as to the specific matters intended to be relied upon, he should file a motion for further specifications, upon which the court would make any necessary order for his protection.

We are of opinion that the reason given by the judge for the allowance of the motion was within the statement of reasons contained in the motion.

The motion for a rehearing, which alleged only errors in the proceedings on the motion for a new trial, some of which might have been made a subject for exception in these proceedings, was addressed to the judge's discretion, and he well might have declined to entertain it. Upon such a motion he was not bound further to consider matters which he had already fully considered and finally decided in the earlier proceedings. But he saw fit to entertain it and to allow exceptions to his refusals to give certain rulings requested. We think his action should be treated as giving parties the same right to ask for rulings and to take exceptions that they had when the same questions arose upon the original motion. One of these questions was whether there had been any misdirection of the jury in matters of law at the trial. This question first arose upon the motion for a new trial. The direction given to the jury was favorable to the plaintiffs, and they could not except to it at the trial. When the judge at the hearing decided that it was a misdirection which called for a new trial, the plaintiffs were first aggrieved, and were entitled to an exception. They having failed to take an exception at that time, and having been permitted to make the request for a ruling on the motion for a rehearing, and their exception to the refusal to rule having been allowed by the judge, we think this exception open to them here.

The question arises upon the charge of the judge, and the difficulty in deciding it results from different language in different parts of the charge, bearing upon the law applicable to a defense founded upon the fraudulent procurement of the defendant's signature to the instrument relied on by the plaintiffs. What we understand to be the last sentence in the charge, upon the question of liability, is as follows: "If you find the defendant did sign this agreement, if you find that he did put his signature to a paper, and if you find that the paper is the paper that is alleged here, then the plaintiff has made out his case and is entitled to damages." One of the defenses was that the defendant did not sign the paper. The other was that if he signed it, his signature was obtained by fraudulent representations and by trickery and sleight of hand. The quoted sentence ignored the second ground of defense, and, taken as a complete statement for the guidance of the jury, was plainly wrong. In

other parts of the charge instructions were given upon the second issue, some of which were not very clear.    While we have little doubt that in his own mind the judge had a correct view of the law, there is reason to fear that the jury were misled by the statement quoted above, and that the charge, in its effect, and as they understood it, was incorrect and misleading.    The trial judge so decided.    His opportunity of forming a judgment on this question was much better than ours is, and great weight should be given to such a decision by a judge who sat at the trial.

The exception to the ruling upon this part of the case is overruled, and the other exceptions are no longer material.

*Exceptions overruled.*

*C. E. Tupper,* for the plaintiffs.
*J. A. Stiles,* for the defendant.