F. W. STOCK AND SONS *vs.* LOUIS SNELL.

Suffolk.   November 18, 1912. — January 29, 1913.

Present: RUGG, C J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Pleading, Civil,* Declaration: account annexed, special damages.  *Damages,* In contract: special.  *Practice, Civil,* Verdict, New trial.

Under R. L. c. 173, § 6, cl. 8, a plaintiff cannot recover under an account annexed for the breach of an executory contract to buy certain goods from the plaintiff, but must declare specially.

In an action of contract to recover damages for the failure of the defendant to receive and accept certain goods which the defendant had ordered in writing and agreed to buy from the plaintiff, where no special damages are alleged, the measure of damages is the difference between the contract price of the goods and their market value at the time and place where they were to have been delivered.

In an action of contract to recover damages for the breach of an executory contract, where the declaration contains a special count on which the plaintiff is entitled to recover and a count on an account annexed on which he is not entitled to recover, and, the case having been submitted to the jury on both counts, a general verdict is returned for the plaintiff, exceptions of the defendant will be sustained and a new trial will be granted, because it cannot be known on which count the verdict was returned.

CONTRACT, by a corporation, having a usual place of business in Boston, doing business as a miller and having its mills at Hillsdale in the State of Michigan, against a wholesale flour dealer engaged in business at Fall River.   Writ dated May 12, 1911.

The amended declaration was in three counts, which were as follows:

"Count 1. And plaintiff says that on October 2, 1909, the defendant gave to the plaintiff a written order for the sale and delivery by the plaintiff to the defendant, F. O. B. at Fall River, Massachusetts, of five carloads of 'Mikota' brand flour, manufactured by the plaintiff, each car to contain two hundred and five barrels, at a price to the defendant of five dollars and fifteen cents per barrel less the freight charges for railroad transportation, and the defendant was to accept and receive the delivery of said five carloads of said flour between said October 2, 1909 and January 30, 1910, and the defendant was to pay the plaintiff for the said flour by acceptance and payment of drafts drawn by the plaintiff upon the defendant, on the arrival of each said shipment at said Fall River;

"That the plaintiff accepted the said order of the defendant, and forwarded to the defendant at Fall River, Mass., said five carloads of said 'Mikota' brand flour, containing ten hundred and twenty-five barrels, and the defendant accepted, received, and paid the plaintiff for, four of said carloads of flour, containing eight hundred and twenty barrels, but the defendant has neglected and refused to carry out the terms of his said contract with the plaintiff, and refused to accept the delivery of the fifth carload of said flour, containing two hundred and five barrels, whereby the plaintiff is greatly damaged.

"Count 2. And the plaintiff says that on October 18, 1910, the defendant gave to the plaintiff a written order for the sale and delivery by the plaintiff to the defendant, F. O. B. at Fall River, Massachusetts, of ten hundred and twenty-five barrels of 'Mikota' brand flour, manufactured by the plaintiff, to be shipped in carload lots containing two hundred and five barrels to each car, at a price to the defendant of five dollars and twenty-five cents per barrel less the freight charges for railroad transportation; the final and total shipment thereof to be made within ninety days from said October 18, 1910, and the defendant was to accept and receive the delivery of each shipment, and was to pay the plaintiff therefor as stated in said order:

"That the plaintiff accepted the said order of the defendant, and thereupon forwarded to the defendant two carloads of four hundred and ten barrels of said flour, which were accepted and received and paid for by the defendant in accordance with the

terms of said order; and the plaintiff has always been ready and willing to perform its part of said contract, but the defendant has neglected and refused to carry out the terms of his said contract with the plaintiff, and has refused to accept and receive the delivery of the remaining six hundred and fifteen barrels of said flour, whereby the plaintiff is greatly damaged.

"Count 3. And the plaintiff says the defendant owes it seven hundred and fifteen dollars and fifteen cents, according to the account hereto annexed."

The account annexed to the third count was as follows:

"Louis Snell

To F. W. Stock & Sons, Dr.

|  |  |  |  |  |
|---|---|---|---|---|
|  |  | 1910 |  |  |
| "Item | 1. | June 15 | To loss on resale of 205 bbls 'Mikota' flour at $5.15 less .45 per bbl. | $ 92.25 |
|  |  | 1911 |  |  |
| Item | 2. | Feb. 1 | " loss on resale of 615 bbls 'Mikota' flour at $5.25 less .65 per bbl | 399.75 |
|  |  | 1910 |  |  |
| Item | 3. | July | " Cost reselling 205 bbls 'Mikota' flour at .10 | 20.50 |
| Item | 4. |  | " Demurrage on car refused | 7.00 |
| Item | 5. |  | " Protest charges on draft | 2.02 |
| Item | 6. |  | " Expense carrying flour 4 months overtime 5¢ per bbl monthly @ .20 | 41.00 |
|  |  | 1911 |  |  |
| Item | 7. | Feb. 1 | " Cost reselling 615 bbls 'Mikota' flour at .10 | 61.50 |
| Item | 8. |  | " Protest charges on draft | 2.02 |

| | | |
|---|---|---|
| Item 9. | " Interest 30 days, Dec. 30, 1910 on car 5364 refused at 6% | 4.96 |
| Item 10. | " Demurrage and freight to Boston | 84.15 |
| Item 11 | | 715.15 " |

In the Superior Court the case was tried before *Bell*, J. There was evidence in support of the allegations contained in the first two counts of the declaration. At the close of the evidence the defendant asked the judge to make, among others, the following rulings:

"3. That on the third count the plaintiff cannot recover and the verdict should be for the defendant.

"4. That the plaintiff cannot recover under his third count for Item 1 of the account annexed.

"5. That the plaintiff cannot recover under his third count for Item 2 in the account annexed."

Then followed requests numbered from six to thirteen inclusive, asking respectively for rulings that the plaintiff could not recover under his third count for each of the items of the account annexed from Item 3 to Item 10 inclusive.

The judge refused to make any of these rulings except those numbered four and five, which he gave as instructions to the jury, also instructing them that the plaintiff could not recover under those two items [items one and two of the account annexed] for the loss on the resale of the flour, as the measure of damages was the difference between the contract price and the market price at the time when the contract was broken by the defendant.

The jury found a general verdict for the plaintiff in the sum of $581.68; and the defendant alleged exceptions.

The case was submitted on briefs.

*C. H. Cronin,* for the defendant.

*H. L. Baker & F. K. Rice,* for the plaintiff.

SHELDON, J. The rulings asked for by the defendant numbered from three to thirteen inclusive should have been given. Not merely the first and second, but all the items in the account annexed to the third count of the plaintiff's amended declaration

were particulars of special damages claimed by the plaintiff for the breach by the defendant of the two written contracts set out in the first and second counts. As these contracts had not been performed and the title to some of the goods described had never become vested in the defendant, the plaintiff could not recover upon his present claims in an action upon an account annexed. R. L. c. 173, § 6, cl. 8. The rule to be applied was stated by Shaw, C. J., in *Moulton v. Trask,* 9 Met. 577, 580, and has been uniformly followed in our decisions. *Morse v. Potter,* 4 Gray, 292, 293. *Stearns v. Washburn,* 7 Gray, 187. *Bowen v. Proprietors of South Building,* 137 Mass. 274, 276. *Field v. Banks,* 177 Mass. 36.

No special damages were alleged in the first or second counts, and accordingly the measure of damages under each of these counts was the difference between the contract price and the market price of the flour refused by the defendant at the respective times and places at which it was to have been delivered. *Tufts v. Bennett,* 163 Mass. 398. *Barrie v. Quinby,* 206 Mass. 259, 268.

Much of the plaintiff's argument is irrelevant. The bill of exceptions contains the material evidence introduced at the trial, as was not the case in *Wade v. Smith, ante,* 34. And, as the third count should not have been submitted to the jury at all, cases like *Khron v. Brock,* 144 Mass. 516, give the plaintiff no comfort.

It may be that the verdict was justified under the first and second counts; but it was a general one, and we cannot tell upon what counts it was rendered, or what items, other than the first and second of the account annexed to the third count, were included in it. *Lynch v. Allyn,* 160 Mass. 248, 255. *Fairman v. Boston & Albany Railroad,* 169 Mass. 170, 178. *Hagar v. Norton,* 188 Mass. 47, 51. Accordingly there must be a new trial.

As both the pleadings and the evidence may be different at another trial, we do not deem it expedient to attempt to settle now the other questions which have been raised.

*Exceptions sustained.*