## HARRY M. RAMSAY *vs.* HENRY A. LEBOW.

Suffolk.    January 11, 12, 1915. — February 25, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Practice, Civil,* New trial, Requests for rulings. *Contract,* Implied. *Evidence.*

It is improper at the hearing of a motion for a new trial for the first time to raise by a request for a ruling a question of law that might have been raised at the trial of the case.

At the trial of an action of contract by an architect against a builder upon an account annexed for $1,500, alleged to be the value of certain services rendered by the plaintiff to the defendant, the plaintiff testified in substance that he agreed with the defendant to furnish for $4,500 services in planning and supervising the construction of certain buildings; that he made plans and performed some other preliminary services, which constituted "three fifths in amount and value of the entire work to be done for the entire price," and was ready to complete his part of the contract, but that the defendant did not go forward with the buildings. It was agreed by the counsel for both parties at the trial that "the action be tried without reference to the pleadings and that if the evidence showed that the plaintiff had any rights which were not set forth in the . . . declaration, it would be open to the jury to find for the plaintiff, regardless of the pleadings whether for breach of contract or upon any other ground." The jury found for the plaintiff in the sum of $824. *Held,* that the jury were not compelled to accept all of the plaintiff's testimony as true, even if it was not disputed, and that, upon the evidence and the agreement of counsel, the verdict was warranted.

CONTRACT upon an account annexed for $1,500 and interest for professional services in making plans and specifications for an apartment building on Westbourne Terrace in Brookline. Writ dated July 14, 1913.

In the Superior Court the case was tried before *Bell,* J. The record states that "after the pleadings were read at the trial it was agreed by counsel that the action be tried without reference to the pleadings and that if the evidence showed that the plaintiff had any rights which were not set forth in the plaintiff's declaration, it would be open to the jury to find for the plaintiff regardless of the pleadings whether for breach of contract or upon any other ground."

The plaintiff was an architect. He testified that he made an express oral agreement with the defendant to draw the plans and specifications, to get a building permit and bids and to super-

intend the construction of the buildings, all for the price of $4,500; that he drew the plans and specifications, and got the permit and the bids and was waiting for the defendant to start the buildings for him to supervise, but that the defendant did not so build but abandoned the project; that the work that the plaintiff did was three fifths in amount and value of the entire work to be done for the entire price.

Other material evidence is described in the opinion, where also are set out the verdict for the plaintiff in the sum of $824 and the proceedings as to the defendant's motion for a new trial and his exception to its denial by the judge. The record states that, "in support of the motion and request to rule, the defendant contended that upon no aspect of the evidence could the jury find any such verdict; that, upon the undisputed evidence, if the plaintiff was entitled to a verdict, he was entitled to three fifths of the $4,500, and that the jury was bound to find either that the defendant had made the contract the defendant testified to and find for the defendant, or that the contract was what the plaintiff testified it was, and, therefore, he was entitled to three fifths of $4,500."

*E. Greenhood*, for the defendant.

*J. J. Cummings*, for the plaintiff, was not called upon.

CROSBY, J. After a trial of this action and a verdict for the plaintiff, the defendant filed a motion for a new trial and asked the judge to rule that "as matter of law, the verdict must be set aside." The judge refused so to rule and overruled the motion. The defendant excepted to the refusal to rule as requested, and to the order overruling the motion for a new trial.

Motions for a new trial, under our practice, usually are addressed solely to the discretion of the presiding judge. The record does not show that at the trial the defendant made any requests for rulings, or that he excepted to any rulings given, but it appears that "the court submitted the case to the jury on appropriate instructions, and the jury returned a verdict for $824."

To raise the question of law, embodied in the motion, for the first time after verdict, is irregular. It often has been held by this court that a question that was raised, or that might have been raised, before a verdict, cannot be raised upon a motion to set aside the verdict and to grant a new trial. Although the

statute (R. L. c. 173, § 106) provides that exceptions may be taken to rulings on questions of law at hearings on motions for a new trial, still the statute has been held not to apply to rulings "that were given or refused, or that might have been asked for and given or refused, at the trial before the verdict." *Loveland* v. *Rand*, 200 Mass. 142, 144. In that case the exceptions then being considered were "to rulings upon questions arising for the first time at the hearing on the motion for a new trial." See also *Capper* v. *Capper*, 172 Mass. 262.

While the disposition of the motion for a new trial was wholly within the discretion of the presiding judge, we are of opinion, after carefully examining the evidence reported, that it is sufficient to warrant the verdict of the jury for the plaintiff.

The record, after reciting certain evidence offered by the plaintiff and by the defendant, states that "the plaintiff also introduced evidence tending to show the amount of time he had expended in the work he had done, and the amount of money he had laid [paid] out of his own pocket in developing the plans."

As it was agreed at the trial that no question of pleading should be raised, and that "it would be open to the jury to find for the plaintiff, regardless of the pleadings whether for breach of contract, or upon any other ground," the plaintiff would have been entitled to recover upon a *quantum meruit* what, if anything, the jury believed his services were reasonably worth.

The jury were not bound to believe the testimony of either party or his witnesses in its entirety. While the plaintiff testified that he made an oral agreement with the defendant to draw certain plans and specifications and procure certain permits and superintend the construction of the buildings, all for the sum of $4,500, and while he further testified "that the work . . . [he] did was three fifths in amount and value of the entire work to be done for the entire price," still the jury were not compelled to accept this testimony as true, even if the defendant did not dispute it. It might have been found that the work done was less than three fifths of what the contract called for, and that the fair and reasonable value of the services rendered was the amount of the verdict.

As the motion for a new trial was wholly within the discretion of the trial judge, we cannot revise the action of the judge on exception.

*Exceptions overruled.*