CENTENNIAL ELECTRIC COMPANY *vs.* FRANK W. MORSE.

Suffolk.    March 14, 1917. — June 27, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* New trial, Amendment, Exceptions.    *Damages,* For breach of contract.    *Waiver.    Payment.*

Where in an action of contract the jury returned a verdict for the plaintiff in the sum of $1,770 and on motion of the defendant the presiding judge set the verdict aside and ordered a new trial on the question of damages unless the plaintiff should remit so much of the verdict as was in excess of $610, the judge in giving his reason for granting the motion said that "There was no sufficient ground for a verdict on the first count," and the plaintiff excepted to this. The first count was for $1,115 for a refusal to accept certain electric light bulbs, the second count was on a promissory note for $372 and the third count was to recover $187 as the agreed price of certain bulbs. *Held,* that, no question of law being involved, the granting of a new trial was not the subject of exception, and that the statement of the judge was merely the giving of a reason under St. 1911, c. 501, for the granting of the motion and was equivalent to saying that the verdict on the first count was against the evidence and the weight of the evidence.

In an action of contract for refusing to receive twenty-three thousand electric bulbs at fifteen cents a bulb in accordance with the price fixed by an alleged contract, where it appears that at the time of the refusal the market price of the bulbs was the same as the contract price of fifteen cents, the plaintiff cannot be allowed to show that during the year following the defendant's refusal the market price of these bulbs was ten cents, or five cents less than the contract price, and that he sold them for that one year after the defendant's refusal; because when the contract was broken by the defendant's refusal to receive the bulbs the plaintiff's right to damages accrued and the measure of damages should be the market price at that time, and the plaintiff could not delay his demand for damages until there was a change in the market and thus place the loss on the defendant.

In the case described above it accordingly was *held,* that, as there was nothing to show that at the time of the breach of contract the market price was any less than the contract price, the plaintiff was entitled to recover only nominal damages.

In the same case it appeared that at the time of the defendant's refusal to receive the bulbs the plaintiff wrote to the defendant, "If you cannot use the lamps at these prices, I will dispose of them elsewhere, as I can easily do so at better prices," and it was *held* that, while this was an admission that the market price was higher than the contract price, it was not as matter of law a waiver of the plaintiff's right to recover nominal damages for the defendant's breach of the contract.

At a new trial of an action of contract upon the issue of damages only, the presiding judge in the exercise of his discretionary power properly may allow

the plaintiff to amend a count of his declaration on an account annexed for goods sold of a certain alleged value into a count for the same goods sold and delivered at an agreed price, which is the same as the alleged value.

In an action on a promissory note for $372 given in payment for electric light bulbs, the defendant offered to show that he delivered two thousand bulbs to an expressman with "directions to be returned to the plaintiff in payment or satisfaction of the note." It was agreed "that the two thousand lamps which the defendant undertook to return to the plaintiff were placed by the plaintiff in storage subject to the order of the defendant." The judge excluded the evidence offered by the defendant. *Held,* that the exclusion was proper, as there was nothing to show that the plaintiff accepted the bulbs in payment or satisfaction or had agreed to receive them for this purpose.

In the same case the defendant offered to show in defence to the note that there was a failure of consideration because "the bulbs were not as represented." The judge excluded the evidence. *Held,* that the exclusion was right, as the offer was too general to sustain an exception, there being no offer to show in what respects the bulbs were defective or what false representations were made concerning them.

In the same action, the third count as amended was to recover for certain bulbs at an agreed price. The defendant had received twenty-two thousand bulbs. These had been paid for except those covered by the promissory note and those covered by the third count. In defence to the third count the defendant offered to show that he tested "with the eye about six thousand of the twenty-two thousand lamps" and "found about half of them defective," and that the Edison Company "tested fifteen bulbs by a scientific test and found them all defective." There was nothing to show that the evidence offered related to the bulbs mentioned in the third count. It did not appear that the plaintiff was the maker of the bulbs. They were of various candle power and design. The judge excluded the evidence. *Held,* that the exclusion was right, as the offer did not go far enough, there being no offer to show in what respect the bulbs tested were defective or that the test was fairly applicable to the bulbs covered by the third count because of their size and kind, and so far as the offer of evidence went the six thousand bulbs examined might have been defective and yet all of those covered by the third count might have been perfect.

CONTRACT with three counts, the first for damages of $1,115 for the defendant's refusal to receive certain electric light bulbs which the plaintiff alleged that the defendant ordered, the second on a promissory note for $372 given in payment for other electric light bulbs and the third on an account annexed for the price of electric light bulbs valued at $187.80. Writ in the Municipal Court of the City of Boston dated May 1, 1914.

On removal to the Superior Court the case was tried before *Fox,* J. At this trial the jury returned a general verdict for the plaintiff in the sum of $1,770.02.

The defendant moved that the verdict be set aside and for a new trial and assigned as reasons therefor the following:

"1. The verdict is against the law and the evidence.

"2. That the verdict is against the weight of the evidence.

"3. That the damages assessed by the jury were excessive."

The judge ordered a new trial in the following words: "There was no sufficient ground for a verdict on the first count. It is ordered, therefore, that the verdict be set aside and a new trial had upon the question of damages only, unless the plaintiff remits so much of the verdict as is in excess of the sum of $610 within twenty days from this date." The plaintiff alleged exceptions. The bill of exceptions stated that "$610 was that part of the verdict to which the plaintiff would have been entitled on the second and third counts. The second and third counts are not in issue here." The evidence included in this bill of exceptions is described in the opinion. In allowing the bill of exceptions the judge made the following statement: "Without admitting that the reasons given by me under the statute for ordering a new trial are properly subject to exceptions, or present, or were intended to present, any question of law, I allow this bill of exceptions. The plaintiff objects and excepts to this qualifying statement."

There was a new trial before *Keating*, J., upon the issue of damages only, it being "stipulated between the parties, with the approval of the presiding judge, that the plaintiff would be in no way barred from prosecuting its exceptions taken at the first trial by proceeding to trial on damages only at the second trial." The course of this trial, including the amendment of the third count, and the material evidence, as well as the plaintiff's offers of proof, are described in the opinion.

The judge instructed the jury as follows:

"The only question submitted to you at this trial is a question of damages, and on the second count on which the plaintiff seeks to recover the amount of the promissory note, it is admitted that the note was signed by the defendant and delivered to the plaintiff, and, there being no evidence before you showing the payment of that note, I direct you to find for the plaintiff for the amount of the note and interest.

"On the third count it is admitted that the lamps for which the plaintiff seeks to recover a certain price were delivered by the plaintiff to the defendant, and that the price set forth in the third

count of the plaintiff's declaration is the agreed price between the parties for the goods; so you will find for the plaintiff on the third count, and I direct you to return a verdict for the plaintiff in the sum of $643.40.

"The plaintiff is not entitled to recover on the first count."

The plaintiff alleged exceptions, this being his second bill of exceptions.

The defendant also alleged exceptions taken at the trial before *Keating*, J., upon the issue of damages only. These exceptions are described sufficiently in the opinion.

*J. J. Cummings*, for the plaintiff.

*S. A. Dearborn*, for the defendant.

CARROLL, J. This is an action of contract. There were two trials and there are three bills of exceptions. At the first trial the plaintiff recovered a verdict on the three counts of its declaration. The plaintiff sold the defendant forty-five thousand electric lamp bulbs, which, with the exception of twenty-three thousand, were delivered to him. The first count is for damages in the sum of $1,115 for the failure of the defendant to receive them. The second count is on a promissory note for $372, being one of a series of notes given by the defendant for the goods sold. The third count is on an account annexed for lamp bulbs to the value of $187.80. At the second trial the third count was so amended as to seek to recover the same amount at the agreed price of $187.80.

The verdict at the first trial was set aside on the motion of the defendant and a new trial was ordered on the question of damages, "unless the plaintiff remits so much of the verdict as is in excess of the sum of $610 within twenty days from this date," the judge giving as his reason for granting the motion, "There was no sufficient ground for a verdict on the first count." To this the plaintiff excepted. At the second trial the judge directed a verdict for the defendant on the first count, to which ruling and the ruling excluding certain evidence, the plaintiff excepted. At the second trial the defendant excepted to the exclusion of certain evidence offered by him and to the allowance of the amendment to the third count.

The plaintiff's exception taken at the first trial to the allowance of the defendant's motion asking the court to set aside the verdict

must be overruled. The granting of a new trial, where no question of law is involved, is a matter of discretion and is not the subject of an exception. *Lopes* v. *Connolly*, 210 Mass. 487, 495, 496. *Ramsay* v. *LeBow*, 220 Mass. 227. *Loveland* v. *Rand*, 200 Mass. 142. *Parker* v. *Griffith*, 172 Mass. 87. In deciding there was no sufficient ground for the verdict on the first count, the judge did not make a ruling of law. The statement of his reasons under St. 1911, c. 501, for setting aside the verdict, was merely a recital that there was no sufficient ground in point of fact for such a verdict as was rendered on the first count and that it was against the evidence and the weight of the evidence. See *Edwards* v. *Willey*, 218 Mass. 363; *Ramsay* v. *LeBow, supra; Welsh* v. *Milton Water Co.* 200 Mass. 409, 411.

At the second trial the plaintiff offered to show that from July 25, 1913, to August 1, 1914, the market price of these lamps was ten cents, or five cents less than the contract price, at which price of ten cents the plaintiff sold the lamps in July, 1914. The defendant, on July 10, 1913, wrote the plaintiff referring to the twenty-three thousand lamps or bulbs for which it sought damages under the first count, saying, "I shall have to ask you not to send me any more of the miniature and candelabra base bulbs until we have an agreement regarding prices for I cannot afford to pay you fifteen cents and assume so large a quantity at once, when I can buy them for practically the same price as I want them." The miniature and candelabra bulbs spoken of in this letter, are the twenty-three thousand lamp bulbs involved in the first count. July 21, 1913, the plaintiff wrote saying, "If you cannot use the lamps at these prices, I will dispose of them elsewhere, as I can easily do so at better prices than quoted you." The plaintiff knew on receipt of the letter of July 10, that the defendant had repudiated the contract and had refused to receive the remaining bulbs. The plaintiff then had a right of action against him because of his breach of the agreement and the measure of its damages must be determined as of that date. The plaintiff could not delay until there was a change in the market, and place the loss upon the defendant. Its duty was to be reasonably active to save itself from loss. *Hall* v. *Paine*, 224 Mass. 62, 65. *Collins* v. *Delaporte*, 115 Mass. 159, 162. *F. W. Stock & Sons* v. *Snell*, 213 Mass. 449, 453. There was no evidence that the plaintiff suf-

fered any substantial loss by the defendant's refusal, because there was nothing to show that the market price at the time was any less than the contract price; in fact, it offered to show that "from April 1, 1913, to July 25, 1913, the market price of the lamps which had been delivered to the defendant was the same as the contract price" and in its letter of July 21, 1913, admitted that the market price was higher than the contract price, when it says, "If you cannot use the lamps at these prices, I will dispose of them elsewhere, as I can easily do so at better prices than quoted you." The evidence of the market price from July 25, 1913, to August 1, 1914, was excluded properly.

The condition of the market for these goods from July 25, 1913, to August 1, 1914, was not material, and as the defendant has not shown any substantial loss, it is not entitled to recover substantial damages on the first count.

There was, however, evidence that the defendant broke the contract in refusing to receive the merchandise purchased, and for this breach the plaintiff is entitled to nominal damages. *Tufts* v. *Bennett*, 163 Mass. 398. While the plaintiff wrote the defendant saying, "If you cannot use the lamps at these prices, I will dispose of them elsewhere, as I can easily do so at better prices," this can hardly be said to have entirely relieved the defendant of the obligation of the contract, or to amount to a consent to his discharge. It was an admission that the market price was higher than the contract price, but was not as matter of law a waiver of its right to recover nominal damages. The plaintiff's exception to the ruling that it could not recover on the first count, therefore, must be sustained. But as this error does not affect the substantial rights of the parties, judgment is to be entered for the plaintiff on the first count for nominal damages only, in the sum of $1. St. 1913, c. 716.

At the second trial the plaintiff was permitted to amend its third count. This count, before its amendment, was on an account annexed for lamp bulbs of the value of $187.80, with interest. The amendment is for lamp bulbs sold and delivered to the defendant at an agreed price of $187.80. It was agreed that this price was the price agreed upon by the parties. The defendant excepted to the allowance of this amendment. Although the trial was limited to the question of damages, the judge could

allow the amendment and there was no error of law in this ruling. This exception is overruled. *McLaughlin* v. *West End Street Railway,* 186 Mass. 150.

The second count was on a promissory note for $372. The defendant offered to show that he delivered two thousand lamps to an expressman with "directions to be returned to the plaintiff in payment or satisfaction of the note," and offered letters written by him to the plaintiff, and further offered to prove that there was a failure of consideration because "the bulbs were not as represented." It was agreed that the secretary of the plaintiff's company would testify "that the two thousand lamps which the defendant undertook to return to the plaintiff were placed by the plaintiff in storage subject to the order of the defendant." This exception was properly overruled. There was nothing to show that the plaintiff accepted the lamps in payment or satisfaction, or that it consented to receive them for this purpose. The offer to show that they were not as represented is too general to permit an exception. There is nothing to show in what respect the goods were defective or what false representations were made concerning them. The verdict on the second count should stand and this exception of the defendant must be overruled.

The third count, as amended, was to recover for the lamps at the price agreed upon. The defendant had received twenty-two thousand lamps. These lamps had been paid for, except the amounts stated in counts two and three. Under count three the defendant offered to show that in October, 1913, he tested "with the eye about six thousand of the twenty-two thousand lamps" and "found about half of them defective," and the Edison Company "tested fifteen bulbs by a scientific test and found them all defective." "The defendant disclaimed any intention of showing that the evidence offered related to the lamps mentioned in the third count."

The record does not show that the plaintiff was the manufacturer of the lamps. They were of various candle power and design and, although the lamps tested were a part of the twenty-two thousand, there is nothing to show in what respect they were defective, nor that the test made was fairly applicable to the lamps mentioned in the third count because of their size and kind. The six thousand lamps may have been defective and the lamps in

suit may have been perfect, so far as the evidence shows. The defendant did not go far enough in his offer of evidence to show that this exception should be sustained.

The plaintiff's exceptions taken at the first trial are overruled.

The plaintiff's exception at the second trial to the ordering of a verdict for the defendant is sustained and judgment is to be entered for the plaintiff on this count for nominal damages.

The other exception of the plaintiff at this trial is overruled.

The defendant's exceptions are overruled.

*So ordered.*